934 A.2d 1233

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Robert RATSAMY, Appellee.**

Supreme Court of Pennsylvania.

Submitted June 25, 2007.

Decided Nov. 20, 2007.

Hugh J. Burns, Jr., Philadelphia District Attorney's Office, Philadelphia, for Commonwealth of Pennsylvania.

Robert Ratsamy, for Robert Ratsamy.

CAPPY, C.J., CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN, FITZGERALD, JJ.

## *OPINION*

Justice FITZGERALD.

We granted allowance of appeal to determine whether the Superior Court failed to apply the proper substantive standard of review for a sufficiency of the evidence claim in a criminal matter. We conclude the Superior Court recognized yet misapplied the standard established by this Court. Accordingly, we vacate the order of the Superior Court and remand for reinstatement of the judgment of sentence.

The relevant facts are as follows. Police officers were conducting undercover surveillance of suspected drug trafficking activity, with a focus on an individual named Lamont Taylor. Officer Martinez observed appellee Robert Ratsamy and another individual, later identified as Rom Sang, approaching Taylor. Appellee lifted his T-shirt to remove a handgun. Appellee placed the gun in his waistband and he

and Sang went into a restaurant. Officer Martinez called for back-up. Several officers arrived on the scene and entered the restaurant. In the restaurant, Officer Martinez searched appellee and recovered the handgun with five rounds, a plastic bag containing a rock of crack cocaine weighing 6.02 grams, and $349.00 in United States currency. Sang possessed some currency and a plastic bag containing 199 multi-colored new and unused Ziploc plastic packets.

Appellee was charged with conspiracy, drug possession charges, and weapons charges.[1] At the time of trial, Officer Andre Schafer, an expert in narcotics, testified that appellee possessed the drugs with the intent to deliver based upon the amount of cocaine in the form possessed by appellee, together with the new and unused plastic bags recovered from Sang. The trial court also found Officer Martinez's testimony to be credible. The officer observed appellee in the possession of a handgun. The trial court further found that appellee possessed "a significant amount of crack cocaine." Coupled with the plastic bags discovered on his compatriot, and the expert's opinion, the trial court found the evidence was sufficient to support the conclusion that appellee had the intent to deliver the crack cocaine. Appellee was convicted of possession of a controlled substance, possession with intent to deliver a controlled substance (PWID), and one count each of carrying a firearm: (1) without a license; and (2) on a public street. Appellee was sentenced to not less than three years nor more than six years state incarceration.

In his appeal to the Superior Court, appellee challenged the sufficiency of the Commonwealth's evidence to support a conviction for PWID. The Superior Court reversed the PWID conviction on sufficiency of the evidence grounds and remanded for re-sentencing on the remaining convictions. *Commonwealth v. Ratsamy*, 885 A.2d 1005 (Pa.Super.2005). This Court granted discretionary review to address the standard applicable to an appellate court's review of a challenge to the sufficiency of the evidence.

1. 18 Pa.C.S. § 903; 18 Pa.C.S. §§ 6106, 6108; 35 Pa.C.S. §§ 780-113(a)(16), (30), (32).

As this case involves a question of law, our scope of review is plenary. *Commonwealth v. Nester*, 551 Pa. 157, 709 A.2d 879, 881 (1998). Our standard of review is de novo. *Commonwealth v. Chester*, 586 Pa. 468, 895 A.2d 520, 522 n. 1 (2006). " 'Scope of review' refers to 'the confines within which an appellate court must conduct its examination.'. . . In other words, it refers to the matters (or 'what') the appellate court is allowed to examine. In contrast, 'standard of review' refers to the manner in which (or 'how') that examination is conducted.' " *Morrison v. Commonwealth, Dept. of Public Welfare*, 538 Pa. 122, 646 A.2d 565, 570 (1994). A standard of review is the "degree of deference given by the reviewing court to the decision under review." Martha S. Davis and Steven A. Childress, *Standards of Review in Criminal Appeals: Fifth Circuit Illustration and Analysis*, 60 Tul. L.Rev. 461, 465 (1986). In other words, it is the power of the lens through which the appellate court looks at the issue in a particular case. Robert L. Byer, *Judge Aldisert's Contribution to Appellate Methodology: Emphasizing and Defining Standards of Review*, 48 U. Pitt. L.Rev. 16, xvi (1987).

"[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' " *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citation omitted) (emphasis supplied). Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict. The Superior Court properly articulated the correct substantive standard enunciated by this Court for review of a sufficiency of the evidence claim: all of the evidence and any inferences drawn therefrom must be viewed in the light most favorable to the Commonwealth as the verdict winner. *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). Indeed, the Superior Court quoted at length from its own opinion in *Commonwealth v. Lambert*, 795 A.2d 1010, 1014–1015 (Pa.Super.2002), which set forth the proper substantive

standard.[2]

However, the Superior Court did not apply this standard in this case. Instead, the Superior Court impermissibly reweighed the evidence presented. The Court opined, "other than the size of the 'rock,' there is really no evidence that [Ratsamy] possessed this piece of crack with the intent to deliver it to another." *Ratsamy*, 885 A.2d at 1008. However, the trial court found that appellee was "in possession of a significant amount of crack cocaine." The compatriot's possession of a large quantity of unused ziplock bags was consistent with an intent to distribute. The expert testified that the circumstances surrounding appellee's possession established that appellee intended to distribute the contraband. The trial court found the expert's opinion that appellee possessed the crack cocaine with an intent to deliver to be credible. Trial Court Op. at 5–6.

The Superior Court disregarded the expert's opinion that appellee possessed the crack cocaine with the intent to deliver. The Court stated "the Commonwealth's expert opinion represents a leap that is not corroborated by other independent evidence. It is also a leap that does not appear to be totally justified by logic. The piece of crack cocaine seized from [Ratsamy] weighed 6.2 grams, or less than one-quarter ounce,

**2.** The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Ratsamy*, 885 A.2d 1005, 1007 (Pa.Super.2005) (quoting *Lambert*, internal citations and quotation marks omitted).

and less than the size of two 'eight-balls,' a quantity of drugs that is not an uncommon purchase from drug sellers. As such, it is hardly inconceivable that one who could afford to do so would buy crack cocaine in the quantity found here." *Ratsamy*, 885 A.2d at 1008. But whether or not it was "hardly inconceivable" that appellee could have possessed the crack for his own use is not the correct standard of review. The Superior Court cannot deem incredible that which the fact-finder deemed worthy of belief.

Moreover, expert testimony is important in drug cases where the other evidence may not conclusively establish that the drugs were intended for distribution. *Commonwealth v. Kirkland*, 831 A.2d 607, 612 (Pa.Super.2003), *appeal denied*, 577 Pa. 712, 847 A.2d 1280 (2004). Such testimony is admissible to aid in determining whether the facts surrounding the possession of controlled substances are consistent with intent to deliver. The amount of the controlled substance is not "crucial to establish an inference of possession with intent to deliver, if ... other facts are present." *Commonwealth v. Ariondo*, 397 Pa.Super. 364, 580 A.2d 341, 350–51 (1990). The Superior Court's own cases follow this reasoning. *See, e.g., Commonwealth v. Brown*, 904 A.2d 925, 931–32 (Pa.Super.2006), *appeal denied*, 591 Pa. 710, 919 A.2d 954 (2007) (the totality of the circumstances established sufficient evidence to support a conviction for possession with intent to deliver); *Commonwealth v. Drummond*, 775 A.2d 849, 853–54 (Pa.Super.2001), *appeal denied*, 567 Pa. 756, 790 A.2d 1013 (2001) (the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence; the court looks to all facts and circumstances in each case surrounding the possession of the controlled substance).[3]

---

3. *See also Commonwealth v. Torres*, 421 Pa.Super. 233, 617 A.2d 812 (1992), *appeal denied*, 535 Pa. 618, 629 A.2d 1379 (1993), where appellant was pulled over for speeding and arrested for driving under the influence. An inventory search of the automobile was conducted. During the search, 4.63 grams of cocaine, individually wrapped into seventeen packets, was discovered in appellant's glove compartment. In addition, three unopened boxes of plastic sandwich bags were found. Two hundred and thirty six dollars were found on appellant's person. A police officer testified as an expert witness at the trial and opined that

"When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Weiss,* 565 Pa. 504, 776 A.2d 958, 963 (2001), *cert. denied,* 535 U.S. 1101, 122 S.Ct. 2303, 152 L.Ed.2d 1059 (2002). It was incumbent upon the Superior Court to consider all of the evidence introduced at the time of trial, and apparently believed by the fact finder, including the expert's testimony. "In applying this standard, [the reviewing court must] bear in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's ruling thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence." *Commonwealth v. Watkins,* 577 Pa. 194, 843 A.2d 1203, 1211 (2003). The Superior Court here failed "to afford the prevailing party below the full effect of its having prevailed upon an issue in the trial court." *Commonwealth v. Meals,* 590 Pa. 110, 912 A.2d 213, 224 n. 14 (2006).

We hold that, under the proper standard, the evidence was sufficient to sustain appellee's conviction of PWID. We emphasize that, if the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors.

> Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and larges sums of cash found in possession of the defendant. The final factor to be considered is expert testimony. "Expert opinion testimony is admissible con-

appellant possessed the cocaine with intent to deliver. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the Superior Court affirmed. *Id.* at 814.

cerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use." *Commonwealth v. Jackson*, 435 Pa.Super. 410, 645 A.2d 1366, 1368 (1994) (citations omitted). Relevant factors in this case were appellee's possession of the loaded handgun, his interaction with the suspect who was the subject of the narcotics surveillance, the absence of drug use paraphernalia, the location, the 199 unused zip-lock bags, and the quantity of U.S. currency. "[P]ossession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption." *Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa.Super.2005) (citation omitted).[4]

We conclude that the Superior Court misapplied the governing substantive standard of review, re-weighed the evidence, and disregarded evidence believed by the fact-finder, which was sufficient to support a conviction for PWID. When viewed under the proper standard, the evidence clearly was sufficient to support the trial court's finding of PWID. The order of the Superior Court is therefore vacated and the matter remanded for reinstatement of the judgment of sentence.[5]

Order vacated; matter remanded.

**4.** *See also Commonwealth v. Bess*, 789 A.2d 757, 761–62 (Pa.Super.2002) (possession of significant sums of cash, $158.00, absence of drug paraphernalia, and 2.2 grams of cocaine, supported conviction of PWID); *Commonwealth v. Johnson*, 782 A.2d 1040, 1040 (Pa.Super.2001) (defendant observed in high drug area by an officer who knew he was on parole, possession of 1.8 grams of crack cocaine, $86.00 in cash, a beeper, and expert testimony, absence of drug paraphernalia for smoking crack sufficient to establish PWID); *Commonwealth v. Drummond, supra* (six grams of cocaine were seized, with a street value of approximately $ 790).

**5.** We note that Madame Justice Baldwin, in a dissenting opinion, would leave the merits of this case for another day. While acknowledging that there is no federal constitutional right to counsel beyond appeals as of right, and that this Court heretofore has not addressed the issue of whether an appellant has a state constitutional right to counsel on a petition for discretionary review, Madame Justice Baldwin would remand this case for a determination of whether appellee is entitled to counsel, which is tantamount to addressing an issue of first impression not raised before this Court.

Chief Justice CAPPY and Justice CASTILLE, SAYLOR and EAKIN join the opinion.

Justice BAER files a concurring opinion.

Justice BALDWIN files a dissenting opinion.

Justice BAER, Concurring.

I join the substance of the Majority Opinion in full, but write separately to distance myself from its response to the Dissenting Opinion's call for a remand regarding Defendant Robert Ratsamy's entitlement to counsel. The Majority suggests that we need not address the issue because it was not raised before this Court. The Majority's conclusion, however, hits at the very heart of the potential fundamental unfairness of the present situation: Defendant has no counsel to raise the issue because this Court granted his attorney's petition to withdraw, but nevertheless Defendant is charged with failing to raise such issue. Nonetheless, I conclude that a remand is unnecessary in this case because Defendant was provided with notice of the withdrawal of his counsel, and the potential consequences thereof. I believe that the notice ameliorates my considerable concern for fundamental fairness were this Court to permit a party's counsel to withdraw without ensuring that the party was aware of the withdrawal.

The facts of this case place Defendant in an apparent gap in the law that otherwise provides indigent criminal defendants with a right or entitlement to counsel at all stages of litigation and a formalized procedure to waive the right or entitlement to counsel on the record. As noted by the Dissenting Opinion, Defendant had *appointed* counsel in the proceedings before the trial court. He *retained* private counsel in his appeal to the Superior Court, which granted him relief, reversing his conviction in October 2005. After this Court granted the Commonwealth's petition for review in December 2006, retained counsel petitioned to withdraw claiming that he was retained solely to represent Defendant on his appeal to the Superior Court and had not been compensated to represent him in the Commonwealth's appeal to this Court. Based on

these assertions, we granted retained counsel leave to withdraw on May 18, 2007.

Subsequently, this Court's Prothonotary ascertained Defendant's address, given his release from prison following the Superior Court's decision.[1] Indeed, the Prothonotary's office evidently spoke to Defendant by telephone, as evidenced by a subsequent letter, which provided:

> I write as a follow-up to our phone conversation of June 6, 2007. As we discussed, the Court allowed your attorney to withdraw from your case before a brief was submitted on your behalf. As a result, you must immediately retain new counsel or [advise] this office that you will proceed pro se in this matter. It is imperative that you make a decision quickly since the brief on your behalf is currently due. Please note that you do not have the ability to discontinue or withdraw this matter because the appeal was filed by the Commonwealth.

Letter from Deputy Prothonotary John W. Person, June 8, 2007. The Prothonotary requested a response by June 13, 2007. When Defendant did not respond, the Prothonotary submitted the case on June 25, 2007 on the brief filed by the Commonwealth, opening the way to this Court's decision today.

Based on Defendant's apparent lack of response to the above letter and his failure to request the appointment of counsel, I join the Majority's rejection of the remand called for by the Dissent, despite the seeming incongruity of the present situation where the defendant has a potential entitlement to counsel both before and after the proceedings before this Court, but not during these proceedings. It is beyond cavil that an indigent defendant has a federal constitutional right to be provided counsel at trial and on any direct appeal as of right. *Ross v. Moffitt*, 417 U.S. 600, 610, 94 S.Ct. 2437, 2443–

---

1. Given the nature of our Prothonotary's role within a case, obviously many of its communications are not introduced, docketed, or otherwise formally made "of record." Nevertheless, they are kept with this Court's publically accessible file in this case, and are essential to a determination that Defendant's fundamental rights were protected.

2444, 41 L.Ed.2d 341 (1974). The High Court, however, has concluded that a state is not constitutionally required to provide counsel to the indigent for purposes of discretionary appeal. *Id.*

The federal analysis, however, does not end our consideration of Defendant's entitlement to counsel. Under Pa. R.Crim.P. 122,[2] we have held that an indigent defendant in Pennsylvania is entitled to the assistance of counsel in seeking allowance of appeal. *Commonwealth v. Liebel*, 573 Pa. 375, 825 A.2d 630 (2003). Moreover, under Rule 122, when counsel is appointed, the appointment is effective through all proceedings on direct appeal including proceedings before this Court following the grant of discretionary appeal. Pa.R.Crim.P. 122(B)(2). The rule, however, does not address the instant situation in which Defendant did not have appointed counsel on appeal to the Superior Court but rather retained counsel, the same counsel that we permitted to withdraw. Thus, the fact that Defendant once retained counsel appears, for want of a more particular rule, to entitle Defendant to less counsel than if he had appointed counsel throughout the proceedings,

2. **Rule 122. Appointment of Counsel**
   (A) Counsel shall be appointed:
   (1) in all summary cases, for all defendants who are without financial resources or who are otherwise unable to employ counsel when there is a likelihood that imprisonment will be imposed;
   (2) in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel;
   (3) in all cases, by the court, on its own motion, when the interests of justice require it.
   (B) When counsel is appointed,
   (1) the judge shall enter an order indicating the name, address, and phone number of the appointed counsel, and the order shall be served on the defendant, the appointed counsel, the previous attorney of record, if any, and the attorney for the Commonwealth pursuant to Rule 114 (Orders and Court Notices: Filing; Service; and Docket Entries); and
   (2) the appointment shall be effective until final judgment, including any proceedings upon direct appeal.
   (C) A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons.

without regard to whether he still has adequate resources to retain new counsel.

Notably, following disposition of any discretionary appeal in this Court, Defendant's entitlement to counsel re-emerges, assuming his indigence, under our rules of procedure governing collateral review under the Post Conviction Relief Act. Pa.R.Crim.P. 904.[3] As under the rules for direct review, any appointment of counsel continues through the exhaustion of the PCRA process. Pa.R.Crim.P. 904(F)(2).

Moreover, wherever there is an entitlement to counsel, either constitutional or rule-based, there is generally a formal procedure in place designed to ensure that any waiver of the right or entitlement is voluntary, knowing, and intelligent. *See* Pa.R.Crim.P. 121 ("When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel."); Pa.R.Crim.P. 904(H)(1) (providing that the PCRA judge shall appoint counsel for the purpose of post-conviction collateral review in a capital case, unless the judge determines that the defendant knowingly, intelligently, and voluntarily waived that entitlement). I additionally have little doubt that a PCRA

---

**3.** Rule 904. Entry of Appearance and Appointment of Counsel; *In Forma Pauperis*

\* \* \* \*

(C) Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

(D) On a second or subsequent [PCRA] petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.

(E) The judge shall appoint counsel to represent a defendant whenever the interests of justice require it.

(F) When counsel is appointed,

\* \* \* \*

(2) the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief.

court presented with counsel's withdrawal in a non-capital case similarly would conduct a hearing or colloquy on the record to determine how a defendant would like to proceed.

Faced with a gap in a defendant's entitlement to counsel during the discretionary appeal before this Court and the absence of any formalized procedure to determine whether the defendant wishes to represent himself, retain counsel, or request appointed counsel, I recommend the Criminal and Appellate Rules Committees consider whether a rule or rules should be drafted to protect a defendant's interests in the event that retained counsel withdraws during a discretionary appeal to this Court. Nonetheless, in the present case, I am able to join the Majority Opinion on the merits because the actions of our Court's Prothonotary in this case render these unusual proceedings harmless to Defendant's interests.

Justice BALDWIN, Dissenting.

I am unable to join the majority opinion. My reasons for dissenting stem not from the merits of the case, but from the manner in which this case was decided. In short, after the Commonwealth filed its brief in this case, Appellee's counsel was permitted to withdraw by a one-sentence order from this Court.[1] New counsel was not appointed. The Commonwealth's appeal moved on. The matter was not remanded for a determination if Appellee was eligible for court-appointed counsel. Appellee did not effectuate a waiver of counsel, nor has he ever indicated that he desires to proceed *pro se.* Now, this Court chooses to issue its opinion on the merits, but does so with full knowledge that it is without the benefit of advocacy on Appellee's behalf. The result of this significant event is to restore a criminal conviction against Appellee. I find no compelling, or even reasonable, justification for proceeding in such a manner. As such, I would remand this case for a determination of whether Appellee is entitled to counsel, because our adversarial system requires no less.

---

**1.** *Commonwealth v. Ratsamy,* 50 EAP 2006, per curiam (May 18, 2007) ("AND NOW, this 18th day of May, 2007, the Petition for Leave to Withdraw is granted.")

It is clear that a criminal defendant does not have a *federal* constitutional right to counsel beyond appeals as of right. *See Evitts v. Lucey,* 469 U.S. 387, 401, 105 S.Ct. 830, 839, 83 L.Ed.2d 821 (1985) (citing *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), for the proposition that "a criminal defendant has a right to counsel only on appeals as of right, not on discretionary state appeals"). However, it remains an open question whether a criminal defendant has a constitutional right to counsel, under the Pennsylvania Constitution, for any appeals beyond those of right, such as petitioning this Court for discretionary review and any subsequent proceedings. *Commonwealth v. Liebel,* 573 Pa. 375, 381 n. 6, 825 A.2d 630, 633 n. 6 (2003).

Regardless of the existence of a state constitutional right to counsel that extends through the discretionary review process, this Court nonetheless held in *Liebel* that a criminal defendant "clearly has a rule-based right to counsel under Pennsylvania Rule of Criminal Procedure 122 …" *Id.* at 380, 825 A.2d at 633. In *Liebel,* appellate counsel informed the Appellant by letter that his appeal was unsuccessful in the Superior Court, but that he would file a Petition for Allowance of Appeal (PAA) to this Court. *Id.* at 377–78, 825 A.2d at 632. However, counsel failed to file the PAA within the thirty day requirement. The Appellant filed a PCRA[2] petition seeking to have his right to file a PAA reinstated *nunc pro tunc.* The PCRA court denied relief, finding, *inter alia,* that the Appellant had no constitutional right to counsel on discretionary appeal to this Court. *Id.* at 380, 825 A.2d at 633. The Superior Court summarily affirmed citing the PCRA court's opinion. *Id.* at 379, 825 A.2d at 632.

This Court reversed. Irrespective of a constitutional mandate, this Court examined Pa.R.Crim.P. 122, which provides, in pertinent part, that "[w]here counsel has been assigned, such assignment shall be effective until final judgment, including *any proceedings* on direct appeal." Pa.R.Crim.P. 122(B)(3) (emphasis added).[34] Relying on this rule and our

2. Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546.

3. At the time of the *Liebel* decision, this paragraph was included in subsection (C)(2). The rule was subsequently renumbered and the relevant portion of the rule is now found in subsection (B)(2).

*per curiam* opinion in *Commonwealth v. Daniels,* 491 Pa. 289, 420 A.2d 1323 (1980),[5] we held that a criminal defendant "is entitled to the assistance of counsel though his discretionary appeal to this Court on direct appeal." *Liebel,* 573 Pa. at 381, 825 A.2d at 633.

The *Liebel* decision is not, of course, wholly dispositive of this situation. Indeed, the substantial differences between that decision and the matter *sub judice* have not been addressed by this Court. First, the issue in *Liebel* involved the failure to file a PAA in a direct appeal, which is a matter of right, and not the subsequent discretionary proceedings. However, nothing in the *Liebel* opinion indicates that the statutory right to counsel acknowledged there is not to be extended to filing a brief and arguing the case before the Court. To the contrary, the holding of the case, that a criminal defendant "is entitled to the assistance of counsel *through* his discretionary appeal to this Court on direct appeal" indicates that counsel's duties go beyond the mere filing of a PAA. Moreover, Rule 122, and the accompanying comment, *see note 4, supra,* make it clear that appointed counsel must continue with his or her representation until the final judgment, including any action taken by this Court.

The second notable difference is that in *Liebel* counsel was appointed, where, here, counsel was privately retained. Rule 122 clearly imposes its requirements only on appointed counsel. *See generally* Pa.R.Crim.P. 122 (entitled "Appointment of Counsel"). Nonetheless, the *Liebel* Court read this rule as providing a criminal defendant with a right to counsel through the entire direct appeal process, provided that the defendant meets the requirements for court-appointed counsel. Thus, if

4. The Comment to this rule provides that "... counsel retains his or her appointment until final judgment, which includes all avenues of appeal through the Supreme Court of Pennsylvania." Pa.R.Crim.P. 122 cmt.

5. In *Daniels,* in a per curiam opinion, we ordered the petitioner's court appointed counsel to file a PAA, despite counsel's refusal to do so. We explained that the right to counsel extends to petitioning this Court for discretionary review, when desired by the petitioner. *Daniels,* 491 Pa. at 291, 420 A.2d at 1323.

Appellee is now financially eligible for court appointed counsel, under *Liebel* he is entitled to the assistance of counsel in this case. Here, Appellee's private counsel was permitted to withdraw based on Appellee's *failure to pay counsel for his services.* Therefore, Appellee may be without funds and may well meet the requirements to have counsel appointed for him.[6] However, he was never given the opportunity to demonstrate this. Rather, this Court proceeds forward in spite of *Liebel* and decides the case without providing Appellee with an opportunity to obtain counsel.

Lastly, in *Liebel,* the defendant was the Appellant. Here the defendant is the Appellee. However, neither *Liebel* nor Rule 122 limits the right to counsel through any proceedings in this Court to the party bringing the appeal. I am not in a position to speculate as to future holdings on this issue, or the others above. This is not the case in which to make those determinations.

Despite the differences between *Liebel* and the instant case, the *Liebel* holding is clear that an indigent defendant is entitled, via Pa.R.Crim.P. 122, to counsel *through* any proceedings in this Court. Thus, unless this Court limits this right to exclude people in Appellee's situation, the proper and just course of action would be to remand the case to the trial court to determine if Appellee is, in fact, indigent and falls under the purview of Rule 122. If so, counsel must be appointed.

In this case, Appellee's liberty is at stake. He was convicted of a crime, which was then vacated by the Superior Court. This Court now reinstates the conviction without advocacy from Appellee. Plainly put, there is no compelling, or even reasonable, justification for doing so without first remanding the case for the appointment of counsel, provided Appellee is determined to be indigent. Of course, remanding for the appointment of counsel and the subsequent preparation of a brief would necessarily delay the resolution of this case. However, expediency in this case pales in comparison to

6. The trial court docket sheet reflects that Appellee was initially represented by the Defender Association.

Appellee's interest. I cannot see that a remand would cause harm or prejudice to any party involved.

There is, however, a compelling reason to justify a remand. This Court, as well as all those that are bound by and rely on our decisions, benefit from dual advocacy. Decisions should be made *only* after thoughtful and careful consideration of the law and both sides of the argument. Briefing and argument by the skilled and competent attorneys of this Commonwealth are invaluable assets to the functioning of the judiciary. While we sit as the final arbiters in this Commonwealth, it would be arrogant to believe we can, or should, decide cases without advocacy from the parties. Whether the case involves a pure question of law, an application of a set of facts to an established principle, or a question of constitutional magnitude is of no moment. We should not venture into the waters of unilateral decision-making no matter the type of case involved.

There are, of course, situations where a party waives his or her right to present an argument to this Court, a decision that would undoubtedly be rare. This case may well be one of those situations, but we do not yet know. Appellee could choose to proceed *pro se* or not to file a brief at all. He may demonstrate that he is indigent and that he desires representation. He should be given the opportunity to do so, particularly where the case law, while not yet explicitly stated by this Court, is fairly clear that he has a right to court appointed counsel until final judgment of a case, including in proceedings before this Court.

In sum, Appellee's counsel was permitted to withdraw during the briefing process. Appellee gave no indication that he desired to proceed without an attorney or wanted to represent himself.[7] Moreover, he was not given an opportunity to

7. If Appellee represented himself, he would be subject to all of the procedural rules that an attorney may be more familiar with, including the time limit and format for filing a brief with this Court. *Commonwealth v. Starr*, 541 Pa. 564, 580–82, 664 A.2d 1326, 1334–35 (1995). However, we cannot merely assume that Appellee desired to represent himself or was able to afford another attorney and chose not to.

Moreover, Appellee was never given the opportunity to waive his right to an attorney. Typically, waiver of counsel is governed by

194

demonstrate that he was indigent and desired the assistance of court appointed counsel. The Court nonetheless decides this case without a brief from Appellee. It does so without any justification. I cannot join a decision rendered in this fashion. Therefore, I dissent.

Pa.R.Crim.P. 121. However, it is unclear whether the rule applies to situations, as is the case here, where the right to counsel stems not from a constitutional guarantee but from a rule promulgated by this Court or from a statute. However, in the context of the PCRA, where the right to counsel is statutorily provided, a person choosing to waive that right can only do so after an on-the-record colloquy is held to ascertain whether the waiver is knowing, intelligent, and voluntary. *Commonwealth v. Grazier*, 552 Pa. 9, 13, 713 A.2d 81, 82 (1998). A similar colloquy should be conducted here before we proceed as if Appellee waived his rule-based right to counsel.