J. S59038/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAYON DECHE MCCRACKEN, | : | |
| | : | |
| Appellant | : | No. 588 WDA 2015 |

Appeal from the Judgment of Sentence February 5, 2015
In the Court of Common Pleas of Elk County
Criminal Division No(s).: CP-24-CR-0000203-2014

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED DECEMBER 29, 2015**

Appellant, Dayon Deche McCracken, appeals from the judgment of sentence entered in the Elk County Court of Common Pleas following a jury trial and his convictions for kidnapping,[1] terroristic threats,[2] unlawful restraint,[3] false imprisonment,[4] and simple assault.[5] This case returns to us after we remanded to have counsel comply with Pa.R.A.P. 1925(b), and for

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2901(a)(3).

[2] 18 Pa.C.S. § 2706(a)(1).

[3] 18 Pa.C.S. § 2902(a)(1).

[4] 18 Pa.C.S. § 2903(a).

[5] 18 Pa.C.S. § 2701(a)(3).

the trial court to prepare a Pa.R.A.P. 1925(a) decision. Appellant challenges the sufficiency of evidence for his kidnapping conviction. We affirm.

We adopt the facts and procedural history set forth in the trial court's opinion. *See* Trial Ct. Op., 11/17/15, at 1-3. The jury convicted Appellant of the above crimes, and the trial court sentenced Appellant to an aggregate sentence of six to twelve years' imprisonment. Appellant did not file a post-sentence motion and filed a timely notice of appeal on February 25, 2015. On March 6, 2015, the court ordered Appellant's counsel to comply with Rule 1925(b). Counsel did not file a Rule 1925(b) statement.

On September 30, 2015, this Court ordered Appellant's counsel to file a Rule 1925(b) *nunc pro tunc* with the trial court and the trial court to prepare a responsive opinion. On October 29, 2015, Appellant's counsel filed a Rule 1925(b) statement and the trial court filed its Rule 1925(a) decision on November 17, 2015.

Appellant raises the following issue on appeal: "Whether there was a sufficiency of evidence for kidnapping where the victim was permitted to make phone calls, access her Facebook account on a computer, and was allegedly held with a BB Gun." Appellant's Brief at vi. In support of this issue, Appellant contends the victim was able to call her mother and access Facebook. In conjunction with the facts that the victim was allegedly threatened by a BB gun and the short period of confinement, Appellant

- 2 -

asserts the evidence was insufficient to convict him of kidnapping. We hold Appellant is due no relief.

The standard of review for a challenge to the sufficiency of evidence is *de novo*, as it is a question of law. ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235 (Pa. 2007).

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

***Id.*** at 1235-36 (citations and quotation marks omitted). "When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt." ***Id.*** at 1237 (citation and quotation marks omitted).

The Pennsylvania Crimes Code defines kidnapping as follows:

> **(a) Offense defined.**—Except as provided in subsection (a.1), a person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:
>
>         \*     \*     \*
>
> (3) To inflict bodily injury on or to terrorize the victim or another.

18 Pa.C.S. § 2901(a)(3). "A 'place of isolation' is not geographic in nature, but contemplates the confinement of a victim where he or she is separated from the normal protections of society in a fashion that makes discovery or rescue unlikely." *Commonwealth v. Rushing*, 99 A.3d 416, 425 (Pa. 2014). Confinement for "several hours" qualifies as a substantial period. *Id.* (citing cases). A victim's inability or ability to communicate is not an element of the offense. A victim's knowledge of whether a weapon is a firearm is also not an element of the offense.

Instantly, the record viewed in the light most favorable to the Commonwealth reveals that the victim denied using her phone and was threatened with what appeared to be a firearm. *See* Trial Ct. Op. at 2-3. The victim admittedly did not know that Appellant was wielding a BB gun and was not wielding a firearm. *See id.* at 3. The victim also admitted to using Facebook, but that alone does not negate any element of the kidnapping offense. *See* 18 Pa.C.S. § 2901(a)(3). After careful consideration of the entire record, we hold the evidence believed by the jury was sufficient to sustain a kidnapping conviction. *See Ratsamy*, 934 A.2d at 1235-36. Accordingly, having discerned no error of law, we affirm. *See id.* at 1235.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2015