J-S89042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TYLEESIA KITCHEN | |
| Appellant | No. 148 EDA 2016 |

Appeal from the Judgment of Sentence December 9, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0006204-2015

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED January 12, 2017**

Appellant, Tyleesia Kitchen, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas. She contends the evidence was insufficient to convict her of false identification to a law enforcement officer[1] and possession with intent to deliver.[2] We affirm.

We adopt the facts and procedural history set forth by the trial court's opinion. **See** Trial Ct. Op., 6/15/16, at 1-8. Appellant argues that the evidence was insufficient to convict her of false identification to law enforcement because the police officers did not inform her that she was the subject of an official investigation. She avers that "because she did not know she was the subject of an official investigation, it was not illegal for her

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 4914(a).

[2] 35 P.S. § 780-113(a)(30).

to provide the officer with a fake name when she did." Appellant's Brief at 13. Appellant also claims "the evidence was not sufficient to prove beyond a reasonable doubt that [she] constructively possessed the drugs hidden in the car, and the trial court erred in convicting her of these possessory drug offenses."[3] *Id.* at 18.

_____

[3] We note that Appellant raised the following issues in her Pa.R.A.P. 1925(b) statement of errors complained of on appeal, reproduced verbatim:

> a. The trial court erred in convicting [A]ppellant of false identification to law enforcement as the Commonwealth introduced no evidence that the police informed [A]ppellant she was the suspect of an official investigation and the Commonwealth neglected, at trial, to introduce evidence that [A]ppellant presented false identification to police.
>
> b. The trial court erred in convicting [A]ppellant of possession with intent to deliver as the Commonwealth failed to demonstrate that [A]ppellant had constructive possession over the packets of crack cocaine in the trunk of the car and in the enclosed soda can.
>
> c. The trial court erred in convicting [A]ppellant of knowing and intentional possession of crack cocaine where the Commonwealth failed to demonstrate that [A]ppellant knowingly and intentionally possessed the packets of crack cocaine found in the car.

Statement of Errors Complained of on Appeal, Appellant's Brief at Ex. "A."

Appellant did not raise issue "c" in her brief and therefore it is abandoned on appeal. *See Commonwealth v. Dunphy*, 20 A.3d 1215, 1218 n. 2 (Pa. Super. 2011) (holding claims raised in Rule 1925(b) statement but not identified in statement of questions presented or developed in argument section of brief are abandoned on appeal).

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

> As this case involves a question of law, our scope of review is plenary. Our standard of review is de novo.
>
> * * *
>
> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict. . . .
>
> * * *
>
> When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt.

**Commonwealth v. Ratsamy**, 934 A.2d 1233, 1235-1237 (Pa. 2007). (citations and quotation marks omitted). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Caban**, 60 A.3d 120, 132 (Pa. Super. 2012) (citation omitted).

This Court has stated that

> [c]onstructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as "conscious dominion." We

> subsequently defined "conscious dominion" as "the power to control the contraband and the intent to exercise that control." To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011) (citations omitted). "[C]ircumstantial evidence may be used to establish constructive possession of the illegal substance." *Commonwealth v. Johnson*, 26 A.3d 1078, 1094 (Pa. 2011) (citation omitted).

After careful review of the record, the parties' briefs, and the decision by the Honorable Sierra Thomas Street, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 8-15. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2017