J-S81036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORGE ANDRES RAMIREZ-SIERRA, | |
| Appellant | No. 911 MDA 2017 |

Appeal from the Judgment of Sentence December 28, 2016
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0000916-2016

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED MARCH 08, 2018**

Appellant, Jorge Andres Ramirez-Sierra, appeals from the judgment of sentence imposed after his jury conviction of possession with intent to deliver a controlled substance—heroin (PWID) and possession of drug paraphernalia, and his summary conviction of driving with a suspended license.[1]  We affirm.

The trial court aptly set forth the relevant factual and procedural background of this matter in its May 5, 2017 opinion:

> [O]n April 29, 2016[,] at 9:30 p.m., [Detective Ryan Mong] and Detective Michael DiPalo [of the Lebanon County Drug Task Force] were in an unmarked police vehicle in an area in the City of Lebanon which is known for its high level of drug activity.  They

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 780-113(a)(30) and (32); and 75 Pa.C.S.A. § 1543(a), respectively.

noticed a white Lexus being operated by [Appellant] with a burned-out brake light and license plate light and conducted a traffic stop on Lincoln Avenue at Schnieder Drive. As he approached the vehicle on the passenger side, Detective DiPalo observed [Appellant] moving his arm and hand in a downward motion toward the center console. His hand was empty when he raised it from that area.

When they made contact with [Appellant], the officers smelled the odor of burnt marijuana coming from the vehicle and noticed that there were cigar wrappers[, which often are used to smoke marijuana,] on the floor. The officers obtained the vehicle documents from [Appellant] and saw that the registration was in the name of another individual. When the officers had [Appellant] exit the vehicle, he admitted that he knew the lights were burned-out and explained he was planning to have the two burned-out lights fixed.

The officers advised [Appellant] that they smelled the burnt marijuana and asked whether he had any on his person or in the vehicle. [Appellant] replied that he did not. [He] then agreed to a search of his person and the vehicle. During the search, the officers found a cellphone and $80.00 on [Appellant's] person and another cellphone in the vehicle. They also found a bundle of nine glassine bags of heroin wedged between the driver's seat and the center console where Detective DiPalo had seen [Appellant] place his hand and arm. A baggie containing marijuana residue was also found in the vehicle.

After [Appellant] was given his **Miranda**[2] warnings and taken to the police department, he signed a waiver of rights and agreed to talk with the officers. He told the officers that he was from the Dominican Republic and that he had lived here for five years. He had been unemployed for fourteen months, but was scheduled to start a job with Ingram-Micro the following Monday. He lived with his mother, who would give him $40.00 when he asked her. He admitted that he used marijuana, but stated that he did not really use heroin.

(Trial Court Opinion, 5/05/17, at 2-3) (footnote omitted).

_____

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

On November 2, 2016, the jury convicted Appellant of the aforementioned crimes. The trial court imposed an aggregate sentence of time served to not more than twenty-three months of incarceration on December 28, 2016. It denied Appellant's post-sentence motions on May 5, 2017, with an explanatory opinion. This timely appeal followed.[3]

Appellant raises three issues for our review:

(1) Whether the Appellant's motion for acquittal should be granted based on the Commonwealth's failure to present sufficient evidence at trial to prove the possession with the intent to deliver element of count one of the information?

(2) Whether the jury's verdict of guilty as to the possession with intent to deliver charge was against the weight of the evidence?

(3) Whether the trial court erred when it allowed the Commonwealth's possession with the intent to deliver expert to testify about alleged drug related [text] messages on the Appellant's cell phone?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

In his first issue, Appellant challenges the sufficiency of the evidence to support his PWID conviction. (*See id.* at 8-9). Specifically, he "argues the Commonwealth failed to prove he possessed the heroin with the intent to deliver[]" it. (*Id.* at 8). Appellant's issue does not merit relief.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the

---

[3] Appellant filed his court-ordered concise statement of errors complained of on appeal on June 27, 2017. The court did not file a further opinion. *See* Pa.R.A.P. 1925.

crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Irvin*, 134 A.3d 67, 75-76 (Pa. Super. 2016) (citation omitted).

Section 780-113(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act provides in pertinent part that, "[e]xcept as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, [is prohibited]." 35 P.S. § 780-113(a)(30). "[P]ossession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption." *Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa. Super. 2005) (citation omitted). Further, "expert testimony is important in drug cases where the other evidence may not conclusively establish that the drugs were intended for distribution. Such testimony is admissible to aid in determining whether the facts surrounding the possession of controlled substances are consistent

- 4 -

with intent to deliver." ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1236-37 (Pa. 2007) (citation omitted).

In this case, Detective DiPalo testified that, when he and Detective Mong stopped Appellant's vehicle, he observed Appellant move "like he was placing something between the driver's seat and center console." (N.T. Trial, 11/02/16, at 36). Detective Mong located the heroin in the same area. (***See id.*** at 37). Detective Mong testified as a fact witness and an expert in the area of drugs packaged for personal use as opposed to with intent to deliver. (***See id.*** at 4-18, 28). He testified that several factors supported his opinion that Appellant possessed the heroin for sale rather than personal use. (***See id.*** at 28-29). For example, the heroin found in the vehicle was packaged in a bundle containing nine small glassine bags, as it generally is sold. (***See id.*** at 9). However, Appellant admitted that he used marijuana but not heroin. (***See id.*** at 14, 29). Consistent with this, Officer Mong only found paraphernalia for the use of marijuana. (***See id.*** at 8, 10, 29, 35). Appellant possessed $80.00, although he had been unemployed for fourteen months. (***See id.*** at 9, 14, 29, 32). Finally, the contents of Appellant's cellphone factored in to Detective Mong's opinion. (***See id.*** at 30).

Based on the foregoing, and viewing all of the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the trial court properly found that it was sufficient to establish the crime of PWID. ***See Irvin***, ***supra*** at 75-76. Appellant's first issue lacks merit.

In his second issue, Appellant maintains that the verdict is against the weight of the evidence. (*See* Appellant's Brief, at 9-10). This issue does not merit relief.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Leatherby*, 116 A.3d 73, 82 (Pa. Super. 2015) (citation omitted).

Instantly, the trial court found that the verdict did not shock its conscience, and observed that the jury was free to make its own credibility determinations in believing the testimony of the officers over the explanations advanced by Appellant. (*See* Trial Ct. Op., at 7-8). Upon independent review of the record, we agree with the trial court that the jury was within its right to weigh the evidence in the manner in which it did. Hence, we discern no abuse of discretion on the part of the trial court in denying Appellant a new trial on the basis of his weight of the evidence claim. *See Leatherby*, *supra* at 82. Appellant's second issue lacks merit.

In his third issue, Appellant argues that "the court erred when it allowed Det. Mong to testify as to alleged drug related text message on [Appellant's]

- 6 -

cell phone when the Commonwealth was unable to overcome the hearsay objection and was unable to authenticate the text message[s]." (Appellant's Brief, at 11) (unnecessary capitalization omitted). This issue lacks merit.

> On appeals challenging an evidentiary ruling of the trial court, our standard of review is limited. A trial court's decision will not be reversed absent a clear abuse of discretion. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Aikens*, 990 A.2d 1181, 1184-85 (Pa. Super. 2010), *appeal denied*, 4 A.3d 157 (Pa. 2010) (citations and quotation marks omitted). Pursuant to Rule 705 of the Pennsylvania Rules of Evidence, "[i]f an expert states an opinion[,] the expert must state the facts or data on which the opinion is based." Pa.R.E. 705. Further:

> It is well-established that an expert may express an opinion which is based on material not in evidence, including other expert opinion, where such material is of a type customarily relied on by experts in his or her profession. Such material may be disclosed at trial even though it might otherwise be hearsay . . . Such hearsay is admissible because the expert's reliance on the material provides its own indication of the material's trustworthiness: The fact that experts reasonably and regularly rely on this type of information merely to practice their profession lends strong indicia of reliability to source material, when it is presented through a qualified expert's eyes.

*In re D.Y.*, 34 A.3d 177, 182 (Pa. Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012) (citations and quotation marks omitted); *see also* Pa.R.E. 703.

Instantly, the trial court explains:

> At trial, the Commonwealth sought to present testimony from Detective Mong regarding the text messages contained in the

phone [Appellant] had on his person at the time of his arrest. (*See* N.T. Trial, at 15). [The trial court] sustained [Appellant's] objection as hearsay, but [it] permitted Detective Mong to testify that he had reviewed the contents of the cellphone prior to reaching his opinion and that those messages had factored into the conclusion he had reached. (*See id.* at 15, 25-27). [Appellant] argues that [the court] erred in allowing Detective Mong to rely upon the alleged drug-related text messages in reaching his opinion because the Commonwealth was unable to authenticate those text messages.

\* \* \*

Detective Mong testified that his training included the examination of cellphone communications for the purpose of conducting investigations of drug trafficking violations. (*See id.* at 16). He explained that he relied, in part, on the text messages contained in [Appellant's] cellphone in formulating his opinion. (*See id.* at 30). Thus, [the trial court] believe[d] that the rules of evidence with regard to Detective Mong's opinion were satisfied and [found] no error in this regard.

(Trial Ct. Op., at 8-10) (record citations provided).

After our independent review of the record, we agree with the trial court and conclude that it did not abuse its discretion in allowing Detective Mong's limited testimony referencing the text messages on Appellant's cellphone. *See Aikens*, *supra* at 1184-85.[4]  Appellant's third issue lacks merit.

---

[4] Moreover, even assuming *arguendo* that the trial court abused its discretion in allowing Detective Mong's brief reference to the text messages, any such error would be harmless. The notes of testimony reflect that the text messages did not affect the outcome of the trial where testimony regarding other evidence and factors considered by Detective Mong was sufficient to establish that Appellant possessed the heroin with the intent to deliver. *See Commonwealth v. Rose*, 172 A.3d 1121, 1131 (Pa. Super. 2017) ("Harmless error exists if . . . the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2018

---

so insignificant by comparison that the error could not have contributed to the verdict.") (citation omitted).