**[J-47-2019] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,    :    No. 29 EAP 2018

           : 

           Appellee    :    Appeal from the Judgment of Superior

           :    Court entered on January 30, 2018 at

           :    No. 2176 EDA 2015 affirming the

           v.    :    Judgment of Sentence entered on

           :    June 2, 2015 in the Court of Common

           :    Pleas, Philadelphia County, Criminal

ALANAH F.F. PETERS,    :    Division at No. CP-51-CR-0001270-

           :    2012.

           Appellant    : 

           :    SUBMITTED:  May 10, 2019

## <u>CONCURRING OPINION</u>

**JUSTICE MUNDY**                            **DECIDED:  October 31, 2019**

I agree with the Majority that there was insufficient evidence in the instant case to convict Appellant of carrying a concealed firearm without a license[1] under a constructive possession theory.  The facts in this case fail to demonstrate concealment of a firearm at all, thus the evidence is insufficient to establish a material element of the offense.  *See, e.g.* N.T., 3/10/15, at 24 (Hicks testifying when he first observed the two men in his home, "the one was holding a gun in his hand"); *accord Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007) (explaining that on review for a sufficiency challenge, an appellate court must determine whether, viewing the evidence in the light most favorable to the verdict winner, it was sufficient to establish all of the elements of the offense beyond a reasonable doubt).  The evidence was equally lacking with respect to whether Appellant had the power and intent to control the firearm, which are necessary to establish

---

[1] 18 Pa.C.S. § 6106(a)(1).

constructive possession. As such, there was insufficient evidence of Appellant's commission of the offense of carrying a concealed firearm without a license.

I would refrain, however, from affirmatively rejecting that "concealment on or about a different individual's person can satisfy the concealment prerequisite of Section 6106(a)(1)." *See* Majority Opinion at 11. Both Appellant and the Commonwealth offer scenarios that may support application of the constructive possession doctrine to the instant offense. *See* Appellant's Brief at 17 (positing that supplying a cohort with a weapon to carry and conceal during a criminal episode and directing use of the weapon may support constructive possession of a firearm in another person's possession); Commonwealth's Brief at 16-17 (theorizing that a father directing a minor child to deliver a firearm to him would be sufficient to sustain the father's conviction under Section 6106).

The decision today essentially forecloses application of the doctrine of constructive possession to the offense of carrying a concealed firearm without a license. We are not presented with a factual scenario that requires us to address that issue, and neither the Commonwealth nor Appellant advocate for the rule the Majority adopts. As such, I would reserve ruling on whether the concealment element of the offense may be satisfied under a constructive possession theory until we are confronted with an appropriate case and have the benefit of advocacy on that issue by the parties. For these reasons, I respectfully concur.