J-A18026-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKLIN T. ELLIS, JR | : | No. 183 WDA 2019 |

Appeal from the Order Entered January 8, 2019
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0000863-2017

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

FILED MAY 19, 2020

I fully agree with my learned colleagues that the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to allow the jury to conclude that Appellee possessed the heroin found in the hotel room. Therefore, I join the majority memorandum to the extent that it holds that the trial court erred in granting Appellee's post-verdict motion for judgment of acquittal as to the possession charge. See Majority Memorandum at 9-10. However, I would also hold that the trial court erred in disturbing the jury's determination that Appellee was guilty of conspiracy to deliver a controlled substance. Thus, I respectfully dissent to the Majority's affirmance of the judgment of acquittal as to the conspiracy charge.

The Commonwealth's position is that "the combined direct evidence provided by the law enforcement officers and circumstantial evidence

presented at the time of the jury trial" was sufficient to allow the jury to reasonably conclude that Appellee engaged in a conspiracy with Alex Huber to sell heroin. Commonwealth's brief at 31. Specifically, the Commonwealth cites the following facts as creating a "web of evidence" reasonably suggestive that "Appellee was much more than a passive bystander or acquaintance merely" present in the hotel room:

- Appellee constructively possessed two stamp bags of heroin as well as additional heroin packaging material in a hotel room with Huber minutes after Huber sold stamp bags of heroin to the CI;

- Huber was not in possession of all of the proceeds from the sale to the CI;

- Appellee was in possession of $856 in denominations consistent with heroin sales; and

- Appellee declined to comply with police directives to open the door to the hotel room.

Commonwealth's brief at 31-32.[1] Further, the Commonwealth also offered testimony to establish that Appellee showed no signs of being a heroin user,

_____

[1] The Commonwealth also represented that Appellee was the one who locked the door from the inside. See Commonwealth's brief at 32. However, that assertion is not supported by the record. See N.T. Trial, 1/25/18, at 27, 38 (Corporal Brennan Herr initially testifying that he heard "them" lock the door, but later clarifying that he was "assuming [Huber] locked the door and sat down on the chair but I couldn't tell you what exactly happened").

The Majority also finds that the Commonwealth was inaccurate in stating that Huber did not possess all of the proceeds from the controlled buy, as the funds that were not on Huber's person were nonetheless recovered from the area near Huber. See Majority Memorandum at 15 n.16. However, I believe that the jury could reasonably have deemed it significant that those funds were

and that it would have been unusual for a drug user to be carrying around the amount of cash that Appellee had on his person at the time of his arrest. See N.T. Trial, 1/25/18, at 31, 52.

In my view, this evidence was sufficient to allow a fact-finder to surmise that Appellee was a dealer, not a user, of the heroin that he possessed. See, e.g., Commonwealth v. Ratsamy, 934 A.2d 1233, 1237 (Pa. 2007) (explaining that quantity is not dispositive in determining whether drugs were possessed with intent to deliver; other factors relevant to intent include the behavior of the defendant, the presence of large sums of cash, and expert testimony). Further, I conclude that it was legally permissible for the jury to infer that Appellee and Huber were both selling heroin as part of the same distribution operation, rather than wholly independent heroin dealers sharing a single, open hotel room as two solo practitioners might share space in the same law office. Accord Commonwealth v. Vargas, 108 A.3d 858, 872-73 (Pa.Super. 2014) (en banc) (holding evidence was sufficient to establish that the defendant was a participant in a drug-packaging operation where he constructively possessed contraband, "was caught in a single, open hotel room, with drug-cutting and drug-packaging material in plain view and strewn about the confined space," and was complicit in attempting to prevent the police from obtaining evidence from the hotel room).

_____

not kept by Huber with the rest, but were instead in an area equally accessible to Appellee.

In reaching the opposite conclusion, the Majority separates the various threads of the evidentiary web and articulates reasons why each, in isolation, was insufficient to prove that Appellee and Huber acted in concert. See Majority Memorandum at 14-15. However, in considering whether the evidence was legally sufficient to sustain the jury's verdict, we must view the evidence as a whole and in the light most favorable to the Commonwealth. See, e.g., Commonwealth v. Drummond, 775 A.2d 849, 854 (Pa.Super. 2001) (providing that sufficiency of the evidence is examined upon consideration of the totality of the circumstances). Doing so, I would hold that the record evidence allowed the jury to find beyond a reasonable doubt that Appellee and Huber were co-conspirators, and would reverse in its entirety the trial court's order granting Appellee's motion for judgment of acquittal.