J-S50015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ZACK CLAYTON DOVE | |
| Appellant | No. 2224 MDA 2015 |

Appeal from the Judgment of Sentence August 26, 2015
in the Court of Common Pleas of Lebanon County Criminal Division
at No(s): CP-38-CR-0001661-2014

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 30, 2016**

Appellant, Zack Clayton Dove, appeals from the judgment of sentence entered in Lebanon County Court of Common Pleas after a jury found him guilty of aggravated assault attempting serious bodily injury and causing bodily injury with a deadly weapon.[1] His sole challenge on appeal is that the evidence was insufficient to establish he intended to cause serious bodily injury. We affirm.

The trial testimony, when read in the light most favorable to the Commonwealth, established the following. Appellant had been staying with his longtime friend Brandon Batz at the home Batz shared with his girlfriend, Brittany Straub, and their children. During that stay, Appellant had

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1), (4).

demonstrated increasing paranoid and suspicious behavior. Appellant, who testified at trial, admitted to smoking "meth" or "bath salts" before the altercation in question. N.T. Trial, 7/8/15, at 183.

On August 31, 2014, Appellant accused Batz of poisoning him. Later, Appellant took Batz's cell phone and ran out the kitchen door to the backyard and around the house. Batz ran after Appellant, but stopped his pursuit in the backyard, where he was joined by Straub. After several minutes, Appellant emerged from the bushes and accused Batz of poisoning him. Appellant then charged at Batz with a knife. Appellant jumped at Batz, who crouched down in a defensive position in an attempt to tackle Appellant. Appellant stabbed Batz in the back and fled. Batz did not realize that Appellant had stabbed him and thought that he had only been punched. The Commonwealth, on a map of the area ("Exhibit 1"), marked the location of this incident with the number one ("Location 1").[2] *Id.* at 27.

Batz and Straub then followed Appellant to an area near the intersection of Mill Avenue and Route 422, marked on Exhibit 1 with the number two ("Location 2"). *Id.* at 29. Both Batz and Straub attempted to calm Appellant, but Appellant continued to accuse Batz of poisoning him. Batz then realized he had been stabbed. Appellant lunged at Batz with the knife and came within inches of striking him.

---

[2] This Court was not provided with the exhibits referred to in the trial transcript.

Appellant then fled back toward Batz's residence. Straub went inside the home and locked the doors. Batz intercepted Appellant in his backyard, near a clothesline, marked on Exhibit 1 with the number three ("Location 3"), where Appellant lunged at Batz's stomach or chest area with the knife. *Id.* at 29. Kevin Gee, an assistant chief of the local ambulance company and Batz's neighbor, radioed in an emergency and interceded at Location 3. Appellant fled, placed the knife on an air conditioning unit, and ran across the street to a church parking lot. After checking Batz to ensure his lung was not punctured, Gee followed Appellant.

Numerous witnesses observed the altercation at Location 2, near the intersection of Route 422 and Mill Avenue, and notified authorities. Gee observed the altercation at Location 2 from his home, as noted above, confronted Appellant at Location 3, and followed him to the church parking lot. An off-duty Maryland Police officer, Noah Grubic, was a passenger in his girlfriend's car. Grubic witnessed Appellant lunging at Batz at Location 2. He told his girlfriend to stop in the church parking lot and call 911. After reaching the parking lot, Grubic observed Appellant duck behind an air conditioner and cross the street to the church parking lot. Chris Cartagena, an employee at a McDonald's restaurant, also witnessed the altercation at Location 2 from the drive-through window. Both Grubic and Cartegena testified they believed Appellant stabbed Batz at Location 2.

Police officers were dispatched at approximately 12:42 p.m. Grubic flagged down the responding officers at the church parking lot and assisted in Appellant's arrest. Officers recovered a baggie of suspected methamphetamine from Appellant and two empty knife sheaths. Appellant was uncooperative and appeared to be under the influence of a controlled substance. He tried to walk away several times and attempted to kick out the windows of the cruiser while the door was open. Appellant believed he saw Batz, although Batz was not present at the scene of the arrest. Officers later recovered one knife from the air conditioning unit, but did not find a second knife.

Batz was treated at Hershey Medical Center for the stab wound. The wound was six to seven centimeters long and required six internal and eight external sutures to close.

Several days after the incident, Appellant's mother delivered a letter to Batz from Appellant as well as a television for Batz's children. At trial, Appellant, in relevant part, admitted to stabbing Batz in the backyard of his home and then running into the street. Appellant continued to accuse Batz of poisoning him and asserted Batz previously attacked him inside Batz's home. He did not recall lunging at Batz at Locations 2 and 3. In his letter addressed to Batz, he stated:

> I was tweaking on meth and thought everyone was trying
> to kill me. I could of [sic] put that knife anywhere. I know
> all the vital spots, but I chose the back because it just
> seemed fitting. My point is I didn't try to kill you. I,

> however, almost died at the hospital vis-à-vis meth overdose.

N.T. at 162.

On September 3, 2014, Appellant was charged with two counts of aggravated assault.[3] A jury trial was held on July 8, 2015. The jury found Appellant guilty on both counts. The trial court, on August 28, 2015, sentenced Appellant to seven to twenty years' incarceration in a state correctional institution.[4] Appellant filed a timely post-sentence motion on September 3, 2015, which the court denied on November 20, 2015.

Appellant filed a timely notice of appeal to the Superior Court on December 16, 2015. On December 17, 2015, the trial court entered an order for Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant timely complied, and the trial court entered its Rule 1925(a) opinion on January 7, 2016.[5] This appeal followed.

Appellant raises the following issue for our review: "Did the trial court err in denying [A]ppellant's motion for the judgment of acquittal as to count

---

[3] Appellant was also charged with possession of a controlled substance and possession of drug paraphernalia. The Commonwealth withdrew the drug offenses before filing the information.

[4] The separate count of aggravated assault (bodily injury with a deadly weapon) was merged at sentencing.

[5] Appellant's Rule 1925(b) statement is dated January 5, 2016, but was docketed on January 15, 2016. Because the trial court filed its Rule 1925(a) opinion on January 7th, the twenty-first day after its order for the Rule 1925(b) statement, we deem Appellant's statement to be timely filed.

one . . . where the Commonwealth's evidence failed to establish that [A]ppellant acted with the required specific intent to cause serious bodily injury?" Appellant's Brief at 6. In support, Appellant argues he inflicted a single knife wound that was "easily cured" and which was "so minimal" that Batz did not initially realize he had been stabbed. *Id.* at 10. Further, Appellant contends that "only the initial stabbing could be used as possible proof of Appellant's intent," because two witnesses testified Batz appeared to provoke him and he only made "little stabbing" motions at Location 2. *Id.* at 10, 12-13. Finally, Appellant argues that factors that constituted sufficient evidence of an aggravated assault by attempt to cause serious bodily injury in *Commonwealth v. Gray*, 867 A.2d 560 (Pa. Super. 2005), specifically the presence of multiple stab wounds, the location of the stabs to the head, and the use of restraints, are not present in the instant case. No relief is due.

This Court has stated: "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

> [T]he critical inquiry on review of sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict . . . .

\* \* \*

- 6 -

> When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, as sufficient to establish all of the elements of the offense beyond a reasonable doubt.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235-37 (Pa. 2007) (citations and quotation marks omitted). "In instances where there is conflicting testimony, it is for the jury to determine the weight to be given the testimony. The credibility of a witness is a question for the fact-finder." *Commonwealth v. Hall*, 830 A.2d 537, 542 (Pa. 1999) (citations and quotation marks omitted).

Under the Crimes Code, a person is guilty of aggravated assault if he or she "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). The Code defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of function of any bodily member or organ." 18 Pa.C.S. § 2301.

"For aggravated assault purposes, an 'attempt' is found where the accused, with the required specific intent, acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." *Commonwealth v. Gruff*, 822 A.2d 773, 776 (Pa. Super. 2003) (citations

- 7 -

omitted). "The intent to cause serious bodily injury . . . may be proven by direct or circumstantial evidence." *Hall*, 830 A.2d at 542.

In the instant case, Appellant stipulated that Batz suffered a wound that was six to seven centimeters long and required six internal and eight external sutures to close. N.T. Trial, 7/8/15, at 53. Gee, an assistant chief of the local ambulance company, testified that the wound was of such severity that he was concerned that Batz's lung was punctured. *Id.* at 99. Additionally, Batz testified that Appellant lunged at his stomach and chest area at Location 2 and Location 3, coming within inches of striking him. *Id.* at 21-23, 41-43. Multiple eyewitnesses testified that they saw Appellant lunging at Batz with a knife at Location 2; Cartagena and Grubic saw Appellant come so close to striking Batz that they believed he had actually been stabbed. *Id.* at 84, 91, 117. Thus, the jury, as finder of fact, heard evidence from which it could reasonably find that Appellant intended to cause serious bodily injury. *See Hall*, 830 A.2d at 542; *see also Gruff*, 822 A.2d at 776.

Moreover, Appellant misconstrues the holding in *Gray*. The *Gray* Court held that the facts, which involved a restrained victim with multiple puncture and stab wounds on the victim's arm and a wound above her eye, was sufficient to establish the defendant intended to inflict serious bodily injury. *Gray*, 867 A.2d at 568. However, *Gray* did not hold that such an extensive course of conduct was necessary to find sufficient evidence of a

defendant's attempt to inflict serious bodily injury. *See id.* Accordingly, Appellant's sufficiency claim fails, and we affirm the judgment of sentence. *See Ratsamy*, 934 A.2d at 1235-37; *see also Widmer*, 744 A.2d at 751.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2016