J-S58006-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                                              :            PENNSYLVANIA
                          :
           v.                            :
                          :
                          :
ALBERT D. MAXON, JR.            :
                          :
           Appellant            :        No. 1638 WDA 2017

Appeal from the Judgment of Sentence October 3, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003995-2016

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                FILED NOVEMBER 2, 2018

Appellant, Albert D. Maxon, Jr., appeals from the judgment of sentence entered on October 3, 2017. We affirm.

The trial court thoroughly summarized the evidence presented at the suppression hearing:

> On August [12,] 2016, City of Erie Police Corporal Curtis Waite . . . received a dispatch call to the [400 block] of East 3rd Street in Erie, Pennsylvania for a male and female passed out in a vehicle. Upon arriving in the [400 block,] . . . Corporal Waite observed the vehicle, which was parked with the driver's door wide open, and further observed a male seated in the driver's seat and a female seated in the front passenger seat. The male, identified as [Appellant,] had a [marijuana] blunt in his mouth and discarded the blunt as Corporal Waite approached the vehicle. When asked about the blunt by Corporal Waite, who has been involved in prior drug investigations and has experience with packaging and sale of drugs, [Appellant] admitted the blunt contained marijuana and he [] had smoked the marijuana blunt earlier.

[Appellant] and the female occupant were asked to exit the vehicle, to which they complied, and were patted down for weapons and contraband, none of which were found on their persons. Thereafter, Corporal Waite searched the front area of the vehicle[,] as the back seat of the vehicle was filled with clothes and other personal belongings. Corporal Waite discovered a closed black hygiene bag on the head cushion of the driver's seat of the vehicle, where [Appellant] had been seated. When Corporal Waite opened the black hygiene bag, he discovered [109] empty clear [and] yellow baggies, nine [] baggies containing a substance suspected to be heroin, four [] baggies containing a substance suspected to be cocaine[,] and a digital scale. [Appellant] admitted to Corporal Waite that everything in the black hygiene bag was his.

The substances in the baggies were field-tested, which indicated positive for heroin and cocaine, and were thereafter sent to the Pennsylvania State Police lab. . . . [The] Pennsylvania State Police lab report [declared that] the baggies found in the black hygiene bag contained 3.09 grams of heroin and 4.66 grams of cocaine.

Trial Court Opinion, 7/12/17, at 1-3 (internal paragraphing omitted).

The Commonwealth charged Appellant with two counts each of possession of a controlled substance with the intent to deliver (PWID), possession of a controlled substance, and possession of drug paraphernalia.[1]

On March 24, 2017, Appellant filed a pre-trial motion, where he requested that the trial court suppress the physical evidence against him. Appellant claimed that suppression was mandated because Corporal Waite did not have probable cause to search the closed, black hygiene bag in Appellant's vehicle. Appellant's Motion to Suppress, 3/24/17, at 4-5. The trial court held

_____

[1] 35 P.S. §§ 780-113(a)(30), (16), and (32), respectively.

- 2 -

a hearing on Appellant's suppression motion and, on July 12, 2017, the trial court denied the motion.  Trial Court Order, 7/12/17, at 1.

Appellant proceeded to a jury trial, where the Commonwealth again presented the above-summarized evidence; at the conclusion of trial, the jury found him guilty of all charged crimes.  N.T. Trial, 8/18/17, at 233.  On October 3, 2017, the trial court sentenced Appellant to serve an aggregate term of 27 to 54 months in prison, followed by two years of probation, for his convictions.  N.T. Sentencing, 10/3/17, at 17-18.  Appellant filed a timely notice of appeal.  He numbers three claims in the "statement of questions involved" section of his brief:

> [1.] Whether the trial court erred in denying Appellant's omnibus pre-trial motion to suppress?
>
> [2.] Whether the Commonwealth presented insufficient evidence to establish [Appellant's] guilt beyond a reasonable doubt of [PWID], possession of a controlled substance, and possession of drug paraphernalia?
>
> [3.] Whether [Appellant's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code?

Appellant's Brief at 3 (some internal capitalization omitted).

Appellant first claims that the trial court erred when it denied his motion to suppress.  Appellant's Brief at 7.  "Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." Commonwealth v. Wallace, 42 A.3d 1040, 1047–

1048 (Pa. Super. 2012) (en banc); see also Pa.R.Crim.P. 581(H). With respect to an appeal from the denial of a motion to suppress, our Supreme Court has declared:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record…. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

Commonwealth v. Eichinger, 915 A.2d 1122, 1134 (Pa. 2007) (internal citations omitted). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." Commonwealth v. Gallagher, 896 A.2d 583, 585 (Pa. Super. 2006). Moreover, our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing. In re L.J., 79 A.3d 1073, 1087 (Pa. 2013).

According to Appellant, the trial court erred when it denied his suppression motion, as Corporal Waite did not have probable cause to search the closed, black hygiene bag in his vehicle. This claim fails.

"The Fourth Amendment to the [United States] Constitution and Article I, Section 8 of [the Pennsylvania] Constitution protect citizens from unreasonable searches and seizures." Commonwealth v. McAdoo, 46 A.3d

781, 784 (Pa. Super. 2012). "A search conducted without a warrant is deemed to be unreasonable and therefore constitutionally impermissible, unless an established exception applies." Commonwealth v. Strickler, 757 A.2d 884, 888 (Pa. 2000). One exception to the warrant requirement is a search conducted on an automobile. As we recently explained:

> In [Commonwealth v. Gary, 91 A.3d 102 (Pa. 2014) (plurality)], the Supreme Court of Pennsylvania reinterpreted Article I, § 8 as paralleling the Fourth Amendment's protections against warrantless searches of automobiles, because "it is desirable to maintain a single, uniform standard for a warrantless search of a motor vehicle, applicable in federal and state court, to avoid unnecessary confusion, conflict, and inconsistency in this often-litigated area." [Gary, 91 A.3d at 138]. Hence, Pennsylvania now follows federal law on this issue; "where police possess probable cause to search a car, a warrantless search is permissible." In re I.M.S., 124 A.3d 311, 317 (Pa. Super. 2015).

Commonwealth v. Davis, 188 A.3d 454, 457-458 (Pa. Super. 2018) (internal footnote omitted).

Moreover, in In re I.M.S. and Commonwealth v. Runyan, 160 A.3d 831 (Pa. Super. 2017), we applied the United States Supreme Court's holding in Wyoming v. Houghton, 526 U.S. 295 (1999) to Pennsylvania and held that, in Pennsylvania, where "there is probable cause to search for contraband in a car, it is reasonable for police officers – like customs officials in the founding era – to examine packages and containers without a showing of individualized probable cause for each one." In re I.M.S., 124 A.3d at 316, quoting Houghton, 526 U.S. at 302; see also Runyan, 160 A.3d at 837. Thus, "if [an officer] ha[s] probable cause to search the vehicle [] for

contraband[, the officer is] also permitted to search any container found therein where the contraband could be concealed," without an individualized showing of probable cause for the particular container. Runyan, 160 A.3d at 837.

As to the probable cause requirement, we have explained:

> The level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant. The well-established standard for evaluating whether probable cause exists is the "totality of the circumstances" test. This test allows for a flexible, common-sense approach to all circumstances presented. Probable cause typically exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. The evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer.
>
> The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a prima facie showing, of criminal activity.

Id. (internal quotations, citations, and emphasis omitted).

As the trial court ably explained, Corporal Waite possessed probable cause to believe that marijuana was contained within Appellant's vehicle; therefore, Corporal Waite possessed probable cause to search the black hygiene bag inside of the vehicle:

> Corporal Waite's experience in drug investigations, including experience with packaging and sale of drugs, Corporal Waite's observation of the blunt discarded by [Appellant,] and [Appellant's] own admission that the blunt contained marijuana supports probable cause that [Appellant] was

involved in drug-related criminal activities and gave Corporal Waite the authority to search [Appellant's] vehicle. During the search of the vehicle, Corporal Waite [] discovered a closed black hygiene bag on the head cushion of the driver's seat of the vehicle, where [Appellant] had been seated. Inside the black hygiene bag, Corporal Waite [] discovered numerous empty baggies, baggies containing suspected heroin and cocaine, and a digital scale.

Therefore, the totality of the circumstances, Corporal Waite's experience in drug investigations, including the packaging and sale of drugs, Corporal Waite's observation of [Appellant] discarding a blunt and [Appellant's] own admission that the blunt contained marijuana, [established] . . . probable cause to search [Appellant's] vehicle and any containers therein for controlled substances.

Trial Court Opinion, 7/12/17, at 5.

We agree with the trial court's cogent analysis. Therefore, Appellant's challenge to the trial court's suppression order fails.

Next, Appellant claims that the evidence was insufficient to support his PWID convictions.[2] Appellant's Brief at 10. We review Appellant's sufficiency of the evidence claim under the following standard:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every

_____

[2] Within the "statement of questions involved" section of Appellant's brief, Appellant declares that he is challenging the sufficiency of all of his convictions. However, the argument section of Appellant's brief only challenges the sufficiency of his PWID convictions. See Appellant's Brief at 10-11. Therefore, we will only consider Appellant's claim that the evidence was insufficient to support his PWID convictions. Commonwealth v. Leatherby, 116 A.3d 73, 83 (Pa. Super. 2015) (holding that, where the appellant "fails to expand upon [a] claim in the argument section of his brief … the claim is waived").

element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Brown, 23 A.3d 544, 559-560 (Pa. Super. 2011) (en banc), quoting Commonwealth v. Hutchinson, 947 A.2d 800, 805-806 (Pa. Super. 2008).

"In order to uphold a conviction for possession of narcotics with the intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it." Commonwealth v. Aguado, 760 A.2d 1181, 1185 (Pa. Super. 2000) (en banc). As our Supreme Court has held, while the quantity of a controlled substance is a factor in determining whether the defendant possessed the contraband with the intent to deliver, "[t]he amount of the controlled substance is not crucial to establish an inference of possession with intent to deliver, if other facts are present." Commonwealth v. Ratsamy,

934 A.2d 1233, 1237 (Pa. 2007) (internal quotations, citations, and corrections omitted). Specifically, our Supreme Court held:

> if the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors. Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large[] sums of cash found in possession of the defendant. The final factor to be considered is expert testimony. Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

Id. (internal quotations, citations, and paragraphing omitted).

Appellant claims that the evidence was insufficient to support his PWID convictions because, Appellant contends, "the Commonwealth failed to establish that the cocaine and heroin recovered from Appellant [were], in fact, cocaine and heroin." Appellant's Brief at 10. On appeal, Appellant acknowledges that City of Erie Police Detective Ryan Victory testified as an expert at trial that: Appellant possessed 4.66 grams of cocaine and 3.09 grams of heroin; the amounts of narcotics Appellant possessed were not consistent with personal use; Appellant possessed unused plastic bags and a digital scale, which are commonly used for dealing drugs; and, in Detective Victory's expert opinion, Appellant possessed both the cocaine and the heroin with the intent to deliver. Id. at 5 and 10-11; see also N.T. Trial, 8/18/17, at 111-120. Nevertheless, Appellant claims that the evidence was insufficient to support his PWID convictions because "[Detective] Victory noted that

amounts of drugs are 'cut' with other substances in order to increase volume for sale – and[,] in this case, [Detective Victory] could not conclusively establish" the total weight of the actual narcotic substance. Appellant's Brief at 11.

Appellant's claim on appeal fails because the relative purity of the controlled substance is not a required element of PWID. Rather, as was already stated, to properly convict a defendant of PWID, the Commonwealth "must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it." Aguado, 760 A.2d at 1185. In this case, the evidence was sufficient to prove that Appellant possessed both heroin and cocaine. N.T. Trial, 8/18/17, at 113 and 117. Further, the totality of the circumstances (which we summarized above) are sufficient to prove that Appellant possessed both drugs with the intent to deliver. See supra at *9. Appellant's claim on appeal thus fails.

Finally, we note that the "statement of questions involved" section of Appellant's brief lists a challenge to the discretionary aspects of Appellant's sentence. See Appellant's Brief at 3. However, the claim is not contained within the argument section of Appellant's brief. As such, the claim is waived. Leatherby, 116 A.3d at 83 (holding that, where the appellant "fails to expand upon [a] claim in the argument section of his brief … the claim is waived").

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/2/2018