J-A16045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWAYNE JUWAN ROSS | : | |
| | : | |
| Appellant | : | No. 1753 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 28, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006567-2017

BEFORE: LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:            **FILED AUGUST 02, 2019**

Appellant, Dwayne Juwan Ross, appeals from the judgment of sentence entered in the Court of Common Pleas of Lancaster County, after a jury found him guilty of one count of Possession with Intent to Deliver a Controlled Substance ("PWID") based on cocaine and other items recovered from his vehicle during a traffic stop. Herein, Appellant contends the Commonwealth failed to prove his intent to deliver with sufficient evidence. We affirm.

The trial court sets forth the procedural history and the facts pertinent to a challenge to the sufficiency of the evidence, as follows:

> Defendant [hereinafter "Appellant"] was charged with allegedly having committed the offense of [PWID (cocaine), 35 P.S. § 780-113(a)(30)]. Trial in the instant matter commenced on August 1, 2018, before [the trial court] and a jury. On August 2, 2018, the jury returned a guilty verdict against Appellant. The court directed that sentencing be deferred pending the completion of a pre-sentence investigation report.

---

* Former Justice specially assigned to the Superior Court.

Following completion of the pre-sentence investigation report, Appellant appeared before [the trial court] for sentencing on September 28, 2018. At such time, Appellant was sentenced to a period of incarceration of not less tha[n] thirty-one months nor more than six years in the state correctional system and ordered to pay the costs of prosecution.

. . .

[The underlying facts, adduced at trial, established] Officer Sam Goss of the East Lampeter Township Police Department testified that he was running a speed detail in a marked police cruiser . . . . N.T., 8/1/18, at 3. At approximately 2:00 p.m. on that date, a gray or silver Toyota Prius, which had . . . ["]Lancaster Cab Company["] written on the side of the car, was traveling east at 55 miles per hour in a 35 mile per hour zone. N.T, at 63-64. Officer Goss . . . initiated a traffic stop of the Toyota Prius . . . . N.T. at 64.

Officer Goss . . . detected the odor of burnt marijuana emanating from the vehicle[, and of the three individuals inside, he] identified the driver . . . as [Appellant]. N.T. at 64. [The officer] observed remnants of marijuana in the laps and on the shirts of the rear passengers of Appellant's vehicle and identified a baggie with marijuana sticking out of the floorboards of the left passenger seat. N.T. at 65.

Officer Goss requested that Appellant step out of the vehicle and subsequently obtained consent to search the vehicle. N.T. at 66. [He] placed both passengers under arrest[, and a subsequent search uncovered a small bag of marijuana on one person and a pipe and marijuana located by the other person's feet in the vehicle]. N.T. at 66-67.

[Officer] Goss searched the vehicle and found an opened zippered pouch that had a clear plastic bag containing suspected cocaine in the center console of the vehicle. N.T. at 66-67. [Officer] Goss also found a zipper wallet with Appellant's Lancaster County business cards in the center console. N.T. at 69. [Officer] Goss took Appellant into custody and turned him over to Detective Scott Eelman so that he could continue his search of Appellant's vehicle.

[Officer] Goss found another quantity of suspected cocaine in a knotted clear plastic sandwich bag in the map pocket of the driver's side compartment. N.T. at 71. . . . [Officer] Goss also retrieved one-hundred eighty-one dollars in cash stuffed in the sun visor, along with thirty-nine dollars in Appellant's wallet. N.T. at 79. [Officer] Goss testified that, when he found the dollar bills, they were folded and shoved in the sun visor. N.T. at 128. [Officer] Goss subsequently charged Appellant with the offense of Possession with Intent to Deliver cocaine. N.T. at 74. [Detective Eelman testified and corroborated Officer Goss' account. N.T. 83-87.].

[Pennsylvania State Police Laboratory analysis of the suspected cocaine] determined the substance in one bag weighed 24.443 grams and contained cocaine, a Schedule II substance. The other substance in the other bag . . . weighed approximately 1.22 grams and contained cocaine, a schedule II controlled substance. N.T. at 129-130.

. . . .

Anthony Lombardo, a police officer with Manheim Township Police Department, has been assigned to the Lancaster County Drug Task Force since 2008. N.T. at 101. . . . He testified that, when he reviews a case to determine whether a person is possessing a controlled substance with the intent to deliver such substance, he considers all the attendant factors, such as: the quantity of drugs; the presence of any currency; the amount of currency; the presence of a cellular telephone; the presence of any packing materials; and, the presence of any use paraphernalia. N.T. at 106-107. Officer Lombardo testified that use paraphernalia for cocaine includes . . . small mirrors, cut-up straws, rolled-up dollar bills with residue used to ingest the drug typically through the nose. N.T. at 107.

. . . .

[Officer Lombardo] testified that cocaine is typically sold on the street by the gram or half gram and that a gram of cocaine costs one-hundred dollars in Lancaster. N.T. at 108. A mid-level dealer would purchase an ounce of cocaine from another dealer, which is twenty-eight grams, at a cost of one-thousand to one-thousand two-hundred dollars. N.T. at 108-109. Selling a gram for one

hundred dollars would then net a profit for the mid-level dealer. N.T. at 109.

The 24.43 grams of cocaine that was seized from Appellant's vehicle was a little over three grams shy of an ounce. N.T. at 109. Officer Lombardo also examined . . . the envelope containing 1.22 grams compressed powder cocaine. N.T. at 109. Upon review of the lab report and considering the amount of drugs, Officer Lombardo's opinion was that these drugs were possessed with intent to deliver and he memorialized his opinion in an expert report, which was marked as Commonwealth Exhibit 6. N.T. at 109-110.

Officer Lombardo explained that the amount was just under an ounce of cocaine, which is not typical for a user of cocaine in this area. N.T. at 111. The amount of cocaine found in this case would cost approximately nine-hundred dollars. N.T. at 111. . . . The amount of cocaine found [in the present matter] is more common with what Officer Lombardo typically finds with a mid-level cocaine dealer. N.T. at 111. Additionally, there was no use paraphernalia. . . . N.T. at 111.

Officer Lombardo testified that cocaine users typically buy smaller amounts, which are used quickly after purchase. N.T. at 111-112. [He opined that a] user typically uses what is purchased within ten to fifteen minutes of their purchase. N.T. at 112. Officer Lombardo also testified that he has never seen a user that had a bulk amount of twenty-four grams and then have a separate bag with just one gram. N.T. at 112. There would be no purpose for this, other than breaking down the larger amount into gram sizes for distribution[, he opined]. N.T. at 112. [The absence of packaging paraphernalia, often found in the possession of dealers, did not change Officer Lombardo's opinion that Appellant possessed this amount of cocaine with the intent to deliver]. N.T. at 113.

Officer Lombardo testified that finding two cell phones, one for personal use and one for work is very common for drug dealers. N.T. at 112. Officer Lombardo also placed significance in the fact that there were different amounts of money located in different places on Appellant's person and in Appellant's vehicle. . . . N.T. at 112. . . . Again, this is because dealing drugs is a fast-paced covert operation so money is typically stashed in several locations to be hidden from plain view. N.T. at 112-113.

Trial Court Opinion, 12/21/18, at 1-2, 4-8.

Appellant presents one question for this Court's consideration:

Whether the Honorable Trial Court erred in holding, pursuant to the 1925(a) Opinion in support of the sentencing order, that Appellant did not satisfy his burden to establish that evidence was insufficient as a matter of law with respect to the criminal element of intent to sustain his conviction for possession with intent to deliver a controlled substance?

Appellant's brief, at 6.

We review Appellant's sufficiency of the evidence claim under the following standard:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Brown***, 23 A.3d 544, 559-560 (Pa.Super. 2011) (*en banc*), *quoting* ***Commonwealth v. Hutchinson***, 947 A.2d 800, 805-806 (Pa.Super. 2008).

- 5 -

"To sustain a conviction for [PWID], the Commonwealth must establish the defendant knowingly or intentionally possessed a controlled substance without being properly registered to do so, with the intent to manufacture, distribute, or deliver it.  *See* 35 P.S. § 780-113(a)(30); ***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa.Super. 2012)." ***Commonwealth v. Dix***, 207 A.3d 383 (Pa.Super. 2019).  Appellant argues that the Commonwealth failed to present sufficient evidence of one element of the PWID charge, namely, intent to deliver.

> When determining whether an individual in possession of drugs intended to deliver them, the starting point is the quantity possessed.

> > In Pennsylvania, the intent to deliver may be inferred from possession of a large quantity of controlled substance.  It follows that possession of a small amount of a controlled substance supports the conclusion that there is an absence of intent to deliver.  Notably, if, when considering only the quantity of a controlled substance, it is not clear whether the substance is being used for personal consumption or distribution, it then becomes necessary to analyze other factors.

> ***Commonwealth v. Lee***, 956 A.2d 1024, 1028 (Pa.Super. 2008) (citation and quotation marks omitted).  ***See also Commonwealth v. Ratsamy***, 594 Pa. 176, 182, 934 A.2d 1233, 1237 (2007) (stating "if the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors.").  The list of additional factors includes:

> > the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and [the] sums of cash found in possession of the defendant.  The final factor to be considered is expert testimony.  Expert opinion testimony is admissible concerning whether

the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

*Id.* at 183, 934 A.2d at 1237–38 (quotation and internal quotation marks omitted).

***Commonwealth v. Brockman***, 167 A.3d 29, 39 (Pa.Super. 2017).

Appellant maintains the Commonwealth failed to present sufficient evidence of intent because he complied with the traffic stop, acted "normal[ly]" during his interaction with Officer Goss, and possessed no weapons, unused packaging materials, scales, or owe sheets, all of which are associated with an intent to deliver. Appellant's brief at 12. He also denies the significance of the large amount of cash and two cell phones found in his possession, as he claims he possessed these items within the scope of his employment as a cab driver.

Viewing the evidence in a light most favorable to the Commonwealth as verdict winner, however, we conclude the evidence proved the intent element of the PWID offense beyond a reasonable doubt. Here, the jury learned that Appellant possessed 24 grams of cocaine, an amount that is approximately 24 to 48 times greater in weight than what a local user would typically purchase, but is essentially equal to what a mid-level dealer would purchase from a large dealer. On this point, Detective Lombardo testified that never in his nearly ten years of drug task force service had he encountered someone who had purchased this amount for personal use.

Detective Lombardo also testified that the lack of unused packaging or paraphernalia in this matter was of little significance considering Appellant was in his car with the equivalent of a mid-level dealer's starting supply, suggesting he had recently purchased the cocaine. N.T. at 112. Finally, the detective explained also that Appellant's possession of multiple cell phones and of separate stores of cash was consistent with the intent to deliver.[1]

Accordingly, we conclude that the large amount of cocaine in Appellant's possession, combined with the additional factors discussed, was sufficient to support an inference of intent to deliver. *See Commonwealth v. Roberts*, 133 A.3d 759, 768-69 (Pa.Super. 2016) (holding intent to deliver inferable from possession of two bags containing approximately 42 grams and 36 grams of cocaine, no small baggies, two cell phones, and no money, which collectively suggested defendant had just "re-upped" supply for sale). Appellant's challenge to the sufficiency of the evidence, therefore, fails.

Judgment of sentence affirmed.

---

[1] Appellant's argument essentially asks us to reweigh the evidence in a light most favorable to him and ascribe a legitimate business purpose to the phones and cash in his possession. While such a purpose may be theoretically possible, the fact-finder clearly rejected this possibility, and it is well-settled that we may not substitute our judgment for that of the fact-finder. *See Brockman, supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2019