J-S75010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN WILLIAM CONLEY | |
| Appellant | No. 496 WDA 2019 |

Appeal from the Judgment of Sentence entered February 13, 2019
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0002061-2018

BEFORE:  STABILE, KUNSELMAN, and PELLEGRINI,* JJ.

MEMORANDUM BY STABILE, J.:                     **FILED APRIL 28, 2020**

Appellant, Bryan William Conley, appeals from the judgment of sentence the Court of Common Pleas of Erie County entered February 13, 2019.  On appeal, Appellant challenges the sufficiency of the evidence supporting his convictions.  Upon review, we conclude that Appellant waived his challenge.

The trial court summarized the procedural background of the instant appeal as follows.

> On November 28, 2018, following a non-jury trial, Appellant was convicted of one felony count of terroristic threats, one misdemeanor count of terroristic threats, and one count each of simple assault, disorderly conduct, and harassment.
>
> On February 13, 2019, Appellant was sentenced to 48 months of restrictive intermediate punishment program followed by a probationary period[.]

---

* Retired Senior Judge assigned to the Superior Court.

On February 22, 2019, Appellant filed a post-sentence motion[, which the trial court denied on March 5, 2019]. On April 3, 2019, Appellant filed a notice of appeal and [a Pa.R.A.P. § 1925(b)] statement of matters complained of on appeal.

In the [Rule] 1925(b) statement[,] Appellant challenges the sufficiency of the evidence at trial to support Appellant's convictions.

Trial Court Opinion, 6/12/19, at 1-2 (unnecessary capitalization removed).

On appeal, Appellant claims the evidence was insufficient to support his convictions of terroristic threats, simple assault, and disorderly conduct.

Our standard of review for a sufficiency challenge is as follows:

When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt. It [is] incumbent upon the Superior Court to consider all of the evidence introduced at the time of trial, and apparently believed by the fact finder, including the expert's testimony. In applying this standard, [the reviewing court must] bear in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's ruling thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. 2007) (internal citations and quotations omitted; second alteration in original).

Before considering the merits of the sufficiency issue, we must determine whether the issue itself is preserved for our review. Upon review, we conclude it is not.

In his Rule 1925(b) statement, Appellant claimed that the evidence was insufficient to support his convictions, without identifying which conviction he was challenging or which element or elements of the convictions were not sufficiently proven. The trial court, given the vagueness of the challenge, correctly concluded that the claim was waived.

For sake of completeness, despite the glaring inadequacy of Appellant's Rule 1925(b) statement, the trial court nonetheless addressed the challenge to the best of its ability, finding that it had no merit.

On appeal, Appellant focuses his challenge on three crimes. Specifically, he now argues that evidence supporting his convictions for terroristic threats was insufficient because the Commonwealth failed to prove that Appellant communicated a threat of violence or harm to the victim; with regard to the simple assault conviction, Appellant alleges that the Commonwealth failed to prove that Appellant "engaged in conduct that attempted, by physical menace, to put [victim] in fear of imminent serious bodily injury," Appellant's Brief at 9; and with respect to disorderly conduct, Appellant argues that the Commonwealth failed to present evidence that Appellant "ever engaged in threatening behavior with intent to cause a risk of public inconvenience, annoyance, or alarm." ***Id.***[1]

_____

[1] Throughout the brief, Appellant interchangeably argues that the Commonwealth presented no evidence of the crimes or that the evidence was insufficient. No evidence is not synonymous with insufficient evidence. Indeed, the Commonwealth presented evidence, including the testimony of

These claims are raised for the first time on appeal. As such, they are waived. Pa.R.A.P. 302(a). Additionally, we agree with the trial court that these claims are waived because Appellant failed to articulate them in a meaningful way in his Rule 1925(b) statement so as to permit the trial court to address them.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, [] 3 A.3d 670 ([Pa.] 2010). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Id.*** at 281 (citation omitted). Here, as is evident, [a]ppellant not only failed to specify which elements he was challenging in his Rule 1925(b) statement, he also failed to specify which conviction he was challenging. Thus, we find Appellant's sufficiency claim waived on this basis. ***See Gibbs***, ***supra***.

---

the victim, which Appellant characterizes as "suspect" or "uncorroborated". Thus, to the extent Appellant argues that the Commonwealth presented no evidence of the crimes, the claim is devoid of any merit.

The claim also underlies another misunderstanding by Appellant. In reviewing a sufficiency of the evidence challenge, we must view the evidence against Appellant in the most favorable light to the Commonwealth, as the verdict winner. We cannot, as Appellant seems to suggest, select what evidence to consider, how to weigh it, or weigh it in more favorable light to Appellant.

Finally, although Appellant raises the claim as a challenge to the sufficiency of the evidence, the thrust of Appellant's challenge is not about the sufficiency of the evidence. Rather, it is about the weight of the evidence. For example, throughout the brief, as noted, Appellant argues that the victim's testimony was "suspect" or "uncorroborated." A challenge to veracity or lack of corroboration is a challenge to the weight of the evidence, not the sufficiency of the evidence.

*Commonwealth v Garland*, 63 A.3d 339, 344 (Pa. Super. 2013). Appellant

here committed the same error as in *Garland* and *Gibbs*. Accordingly, the

claim is waived.

The mere fact that the trial court addressed the claim in its Rule

1925(a) opinion does not resurrect a waived claim.

> [T]he presence of a trial court opinion [is] of no moment to our
> analysis because we apply Pa.R.A.P.1925(b) in a predictable,
> uniform fashion, not in a selective manner dependent on an
> appellee's argument or a trial court's choice to address an
> unpreserved claim. Thus, we find 1925(b) waiver where
> appropriate [] despite the presence of a trial court opinion.

*Commonwealth v Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008)

(citation omitted).

In light of the foregoing, we conclude that Appellant waived his

challenge to the sufficiency of the evidence.[2] Accordingly, we affirm the

judgment of sentence.

---

[2] To the extent the sufficiency claim is not waived, we conclude that the trial court adequately and correctly addressed the issues in its Rule 1925(a) opinion. *See* Trial Court Opinion, 6/12/19, at 2-15. Briefly, regarding the alleged lack of communication or threat by Appellant, we note that the victim testified that "[Appellant] was this close to getting a gun and blowing her head off, shooting the child, and shooting himself. Appellant told [victim] that he was going to kill [victim's] father and bury him in the backyard, and then go after her mother." *Id.* at 6. The trier of facts was free to believe victim over Appellant's version of the facts. It is well-established that it is not our job to reweigh the evidence or make credibility assessments. The trial court also noted that the Commonwealth presented three additional witnesses corroborating the victim's testimony. *Id.* at 14. The claim that the evidence was insufficient to support his convictions of terroristic threats is therefore without merit.

Judgment of sentence affirmed.

Judge Pellegrini joins the memorandum.

Judge Kunselman concurs in the result.

_____

Regarding the simple assault conviction, the trial court noted that

> Appellant is twice the size of [victim]. [Victim] was confined to a
> hospital bed, having just given birth hours earlier. With [victim]
> in this condition, Appellant approached her, hovered over her, told
> her he was going to get a gun to shoot her and the newborn in
> the head, and physically grabbed the phone from her hand.
> [Victim] had been paging for help during the encounter and let
> out a "blood-curdling scream." When [nurse] arrived in the room,
> she observed Appellant still hovering over [victim]. [Victim] was
> visibly upset and shaking. The [trial court, sitting as fact-finder
> found that the] evidence was sufficient to find Appellant
> attempted to put [victim] in fear of imminent serious bodily injury
> through physical menace, this committing the offense of simple
> assault.

*Id.* at 12. We agree with the trial court's analysis and conclusions.

Regarding the disorderly conduct conviction, the trial court noted:

> The elements of the crime were satisfied. The evidence
> established Appellant made violent threats to [victim] and the
> threats in a public inconvenience. . . . Appellant's actions resulted
> in the lockdown of the hospital and staff was diverted from their
> usual duties to deal with the situation Appellant had created.
> Public resources were expended to address the situation Appellant
> had created by his words and actions. The evidence was sufficient
> to convict Appellant of disorderly conduct.

*Id.* at 12-13 (unnecessary capitalizations omitted). We agree with the trial court analysis and conclusions. Accordingly, we direct that a copy of the trial court opinion of June 12, 2019 be filed along with this memorandum.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/28/2020