J-A23026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD BRIAN YATES | : | |
| | : | |
| Appellant | : | No. 1016 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001238-2018

BEFORE: KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.: Filed: November 19, 2020

Appellant Edward Brian Yates appeals from the judgment of sentence imposed following his bench trial convictions for possession of a controlled substance (possession) and possession with intent to distribute (PWID).[1] Appellant challenges the sufficiency of the evidence supporting both convictions. We affirm.

The trial court summarized the facts of this matter as follows:

On August 3, 2017, around 3:45 PM, Officer Joseph McCauley set up a plainclothes surveillance at 18th Street and Tioga Street to observe three (3) males, [Appellant], and two alleged co-defendants, Kaleal Neal [(co-defendant Neal)] and Rasul Brooks [(co-defendant Brooks)] outside of 3504 North 18th Street. Shortly after setting up his surveillance, Officer McCauley saw a woman walk up to the three males, briefly speak with them, and then hand United States currency ("currency") to [Appellant].

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16) and (a)(30), respectively.

After Appellant accepted the money, [co-defendant Brooks] went behind the steps into Apartment A, for about 15-30 seconds and upon his return, [co-defendant Brooks] handed an item to the woman in a closed fist to open hand.

Around 3:50 PM, Officer McCauley observed a man walk up to the trio of men, briefly speak with them, and then hand over currency to [Appellant]. After [Appellant] had accepted the man's money, [Appellant] went up the steps into Apartment C, for about 30 seconds and then return[ed] with an item that he passed to the man who had given him money.

Later, around 4:10 PM, another man, [Kristin Eldridge], walked over to [Appellant] and the two other men, briefly spoke to the trio, and then handed currency to [Appellant]. After [Appellant] accepted the man's money, [co-defendant Neal] again entered Apartment A, for a couple of minutes and return[ed] with some items that he then handed over to Eldridge. Eldridge was stopped shortly afterward by a backup police officer in full uniform and marked car.

At 4:30 PM, a man, Anthony Hightower, walked over to [Appellant], [co-defendant Neal], and [co-defendant Brooks], engaged in a brief conversation, and then proceeded to hand currency to [Appellant]. After accepting the money from Hightower, [Appellant] again went up the steps into Apartment C and upon his return handed items to Hightower. [Appellant] then returned to Apartment C. Shortly after leaving, Hightower was stopped at 2600 North 17th Street, about one and a half blocks over from 18th Street and Tioga Street, the location of the transaction. Hightower was stopped by Officer Nathaniel Harper based on information Officer Harper had received from Officer McCauley. Hightower surrendered four yellow-tinted zip-lock packets, filled with an off-white chunky substance, later tested and determined to be cocaine.

At about 4:35 PM, Officer McCauley observed two men, Shawn Thomas and Daryl Cherry engage [co-defendant Neal] and [co-defendant Brooks] in a brief conversation and then proceed to hand currency to [co-defendant Neal]. [Co-defendant Brooks] proceeded to enter Apartment A and returned with items which he handed to Thomas and Cherry. After the items had been passed to Thomas and Cherry, [Appellant] exited Apartment C. [Co-defendant Neal] handed [Appellant] the money which he has

received from Thomas and Cherry. [Appellant] then entered a vehicle, and proceeded to leave eastbound on Tioga Street.

Around 4:40 PM, Officer Nelson Villalta observed [Appellant] enter a property at 1601 West Tioga Street and remain there for a couple of minutes. Based on information Officer Villalta received from Officer McCauley, Officer Villalta arrested [Appellant] as he was leaving the property. Officer Villalta recovered $90 (four $20 bills, one $5 bill, and five $1 bills) from [Appellant]'s sweatpants pocket.

Sometime later on the same day, Officer Christopher Purnell obtained a signed consent to search Apartment A and Apartment C located at 3504 North 18th Street. Officer Purnell recovered one clear bag with 25 purple jars with purple lids and 5 green jars with green lids, later tested and determined to be marijuana, from Apartment A's rear bedroom. Officer Purnell recovered $462 (twenty $20 bills, four $10 bills, three $5 bills, and seven $1 bills), one clear bag containing 10 yellow packets of cocaine, and [Appellant]'s photo identification card from the kitchen area of Apartment C.

Trial Ct. Op., 6/4/19, at 1-3 (record citations omitted).

On February 16, 2018, the Commonwealth filed a criminal information charging Appellant with one count of each possession, PWID, and conspiracy.[2] *See* Criminal Information, 2/16/18. On February 28, 2019, following a bench trial, the trial court found Appellant guilty of possession and PWID. That same day, the trial court sentenced Appellant to four years' probation for PWID.[3] *See* Sentencing Order, 2/28/19.

_____

[2] 18 Pa.C.S. § 903.

[3] Appellant's possession charge merged with his PWID conviction at sentencing.

- 3 -

Appellant filed a timely notice of appeal on March 5, 2019. On February 28, 2020, following a remand by this Court,[4] Appellant filed a timely Pa.R.A.P. 1925(b) statement challenging, *inter alia*, the sufficiency of the evidence supporting his convictions for possession and PWID. Appellant's Rule 1925(b) Statement, 2/28/20, at 1. The trial court issued a Rule 1925(a) opinion addressing the sufficiency of the evidence supporting Appellant's convictions.

On appeal, Appellant raises the following question for our review: "Was the evidence sufficient to sustain the verdict?" Appellant's Brief at 4.

Appellant challenges the sufficiency of the evidence supporting his convictions for possession and PWID. Specifically, he argues that the Commonwealth failed to prove the elements of possession and intent.

With respect to possession, Appellant argues that the Commonwealth failed to establish "actual possession[,] because the police officers did not recover a controlled substance from [Appellant]'s person." *Id.* Further, Appellant argues that the record does not support a finding of constructive possession because "the evidence was insufficient to connect him to the . . . specific room or areas where the drugs were kept." *Id.* at 11. Specifically, Appellant asserts that officers "did not recover [Appellant's] clothing, other

_____

[4] On November 18, 2019, this Court dismissed Appellant's appeal after trial counsel failed to file a brief. We subsequently reinstated Appellant's direct appeal and remanded the matter to the trial court for new counsel. New counsel filed a petition for remand seeking leave to file a new Rule 1925(b) statement, which this Court granted. The trial court declined to issue a new Rule 1925(a) opinion, noting that its original opinion fully addressed the claims Appellant raises on appeal.

belongings, or mail, including rent or utility receipts, from the apartment. Thus, other than an identification card for which the Commonwealth elicited scant testimony, there was no objective evidence to show [Appellant] had any connection with the apartment." *Id.* Additionally, Appellant claims that there was insufficient evidence to prove that he participated in any drug-related activity, as Officer McCauley did not describe the specific items exchanged by Appellant or otherwise describe why he believed that Appellant's conduct was unlawful. *Id.*

Appellant also argues that there was insufficient evidence to demonstrate that he intended to distribute a controlled substance. *Id.* at 14. He argues that Officer McCauley's testimony was too vague to establish that Appellant was the individual who handed an item to Hightower in exchange for currency. *Id.* at 13. Appellant further claims that, even if Officer McCauley properly identified Appellant, Officer McCauley "could not identify the color, size, or shape of whatever [Appellant] handed to Hightower" and did not explain why, based on his training and experience as a police officer, he believed that Appellant was specifically engaged in a drug transaction. *Id.* at 14.

The Commonwealth responds that the "evidence was sufficient to prove that [Appellant] actually possessed the drugs he sold to Hightower, and constructively possessed the other cocaine in Apartment C." Commonwealth's Brief at 10. The Commonwealth emphasizes that, in addition to Officer McCauley's observations of Appellant, the police also recovered several items

from Apartment C, including "over $400 [in] cash, [Appellant's] photo ID, and cocaine in the same yellow-tinted zip-lock packets recovered from [Appellant's] customer moments after their observed hand-to-hand transaction (which itself followed [Appellant's] entry into the same apartment)—was wholly sufficient to prove [Appellant's] actual and constructive possession of cocaine." *Id.* at 11.

Regarding intent, the Commonwealth asserts that "[i]t is readily apparent from the record and the [o]pinion of the trial court, which was the fact-finder, that Officer McCauley identified [Appellant] as the seller." *Id.* at 12-13. The Commonwealth also argues that the officer's observations of Appellant accepting money from multiple individuals in exchange for small items, coupled with the identical packaging of the cocaine surrendered by Hightower and the cocaine found in Apartment C, was sufficient to prove that Appellant intended to distribute narcotics. *Id.* at 14.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving

every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

**Commonwealth v. Palmer**, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted), *appeal denied*, 204 A.3d 924 (Pa. 2019).

In drug possession cases, the Commonwealth must prove that a defendant knowingly or intentionally possessed a controlled substance. **See** 35 P.S. § 780-113(a)(16); **see also Commonwealth v. James**, 46 A.3d 776, 780 (Pa. Super. 2012) (requiring the defendant present "credible evidence of authorization" before burden shifts to the Commonwealth to prove lack thereof). Possession can be established by "proving actual possession, constructive possession, or joint constructive possession." **Commonwealth v. Parrish**, 191 A.3d 31, 36 (Pa. Super. 2018) (citation and quotation marks omitted), *appeal denied*, 202 A.3d 42 (Pa. 2019).

Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction. Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

- 7 -

*Id.* at 36-37 (citations, brackets, and quotation marks omitted).

"[T]he power and intent to control the contraband does not need to be exclusive to the defendant," as "constructive possession may be found in one or more actors where the item [at] issue is in an area of joint control and equal access." ***Commonwealth v. Vargas***, 108 A.3d 858, 868 (Pa. Super. 2014) (*en banc*) (citation omitted).

> For the Commonwealth to prove constructive possession where more than one person has access to the contraband, the Commonwealth must introduce evidence demonstrating either [the defendant's] participation in the drug related activity or evidence connecting [the defendant] to the specific room or areas where the drugs were kept. However, [a]n intent to maintain a conscious dominion may be inferred from the totality of the circumstances . . . . [and] circumstantial evidence may be used to establish a defendant's possession of drugs or contraband.

*Id.* (citations and quotation marks omitted).

"To sustain a conviction for [PWID], the Commonwealth must establish the defendant knowingly or intentionally possessed a controlled substance without being properly registered to do so, with the intent to . . . deliver it." ***Commonwealth v. Dix***, 207 A.3d 383, 390 (Pa. Super. 2019) (citations omitted), *appeal denied*, 217 A.3d 790 (Pa. 2019); ***see also*** 35 P.S. § 780-113(a)(30). Possession of a large quantity of a controlled substance may be sufficient to infer the intent to distribute. ***See Commonwealth v. Roberts***, 133 A.3d 759, 768 (Pa. Super. 2016).

Our Supreme Court has emphasized that the court may consider additional factors when the "quantity of the controlled substance is not

dispositive as to the intent . . . ." ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1237 (Pa. 2007).

> Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and large[] sums of cash found in possession of the defendant.

***Id.*** at 1237-38 (citation omitted). Further, constructive possession is established by an examination of the totality of the circumstances. ***See***

***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2005).

> Here, the trial court addressed the evidence as follows:

> In the instant matter, there is sufficient evidence to establish beyond a reasonable doubt that [Appellant] possessed cocaine and that he possessed the cocaine with the intent to deliver without proper authorization to do so. Officer McCauley observed [Appellant] accept money from four different people, and go into Apartment C twice to bring back items for two of the people who had given him money. One of those two individuals was Anthony Hightower. The other two times the alleged co-defendants . . . went into Apartment A to get the items for the people who had given money to [Appellant].

> Office[r] Harper recovered four yellow-tinted zip-lock packets containing cocaine from Hightower shortly after Officer McCauley observed [Appellant] hand Hightower some items. The cocaine recovered from Hightower was identical in packaging and substance as the cocaine recovered from Apartment C along with [Appellant]'s photo identification card by Officer Purnell.

> \* \* \*

> There is nothing on the record to suggest that [Appellant] was authorized to possess cocaine. Therefore, there is sufficient evidence to establish beyond a reasonable doubt that [Appellant] possessed cocaine without any valid authorization based on the testimony of Officer McCauley, Officer Harper, Officer Purnell, and

- 9 -

Officer Villalta, the recovery and packaging of the cocaine, and the lack of any evidence suggesting [Appellant] had valid authorization to possess cocaine.

Trial Ct. Op., at 5-6 (record citations omitted).

Based on our review of the record, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that there was sufficient evidence to establish that Appellant possessed cocaine with the intent to distribute it. *See Palmer*, 192 A.3d at 89.

As noted by the trial court, Officer McCauley testified that he observed Appellant accepting money from four separate individuals in exchange for items passed to them by Appellant or one of his co-defendants. N.T. Trial, 2/28/18, at 25-49. During two of these transactions, Officer McCauley observed Appellant accepting the money, entering Apartment C, and then returning to pass items to the buyers, including Hightower. *Id.* at 26, 49. Police stopped Hightower approximately one and a half blocks away from the surveillance area after his transaction with Appellant and recovered "four, yellow-tinted zip-lock packets[,]" all of which tested positive for cocaine base. *Id.* Upon searching Apartment C, police recovered ten yellow packets that contained cocaine, along with Appellant's identification card. *Id.* at 71-72. Based on the totality of the circumstances, of which Appellant's identification card was one factor, there was sufficient evidence for the trial court to conclude that Appellant constructively possessed the controlled substance cocaine. *See Parrish*, 191 A.3d at 36-37.

Further, following Officer McCauley's surveillance in which he observed Appellant receive currency from four buyers in exchange for small items, Officer Villalta arrested Appellant and recovered $90 from Appellant's person. N.T. Trial, 2/28/18, at 61. Additionally, Officer Purnell executed a search of Apartment C that same day and recovered $462, as well as a clear bag containing ten yellow packets of cocaine identical to those recovered from Hightower. *Id.* at 70. Based on the totality of the circumstances, including the police recovery of cocaine packets and currency in addition to Appellant's observed behavior, we conclude that there was sufficient evidence on this record to support the inference of intent to deliver. *See Ratsamy*, 934 A.2d at 1237-38; *see also Hopkins*, 67 A.3d at 820. For these reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/20